OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed.
On November 21, 1976 two officers of the Syracuse Police Department responded to a radio call reporting that a child had been molested and directing them to the residence of the alleged victim. Upon arrival they spoke with both the alleged victim and her mother, and then proceeded directly to the home of the defendant where the officers informed him that his nine-year-old stepdaughter had accused him of rape. The defendant made no response and he was then advised of his rights, frisked, patted down and handcuffed. Upon arrival at police headquarters he was again informed of his rights, both orally and by being provided with a card reciting them. After having been given his Miranda warnings on three separate occasions and stating each time that he did not wish to have an attorney, the defendant made inculpatory admissions to the crime orally and in a signed statement.
At the hearing on defendant’s motion to suppress these admissions, his counsel repeatedly attempted to interrogate the two officers in an effort to discover whether the police had probable cause to make the arrest. His avowed intention was to show that the detention was unlawful and thus any statements made as a result of the claimed unlawful arrest and detention tainted any admissions. However, at the insistent urging of the prosecutor the court refused to permit that inquiry and permitted only questions concerning the voluntariness of the statements themselves. The court found that the defendant had been given his Miranda warnings, had knowingly waived his right to the presence of any attorney, and had voluntarily confessed; and the court then denied the motion to suppress. Defendant then entered a plea of guilty to the crime of attempted rape in the first degree in full satisfac *981 tion of the indictment and promptly appealed from the order denying his motion to suppress the confessions.
Clearly, statements obtained by exploitation of unlawful police conduct or detention must be suppressed, for their use in evidence under such circumstance violates the Fourth Amendment (Dunaway v New York, 47 USLW 4635).* It is therefore "incumbent upon the suppression court to permit an inquiry into the propriety of the police conduct” (People v Wise, 46 NY2d 321, 329). Unless the People establish that the police had probable cause to arrest or detain a suspect, and unless the defendant is accorded an opportunity to delve fully into the circumstances attendant upon his arrest or detention, his motion to suppress should be granted (People v Wise, supra).
In the instant case the People made a mere prima facie showing of probable cause to arrest the defendant but the court erred by unduly restricting the defendant’s opportunity to test the validity of the People’s case through the medium of cross-examination. This error made the denial of the suppression motion improper and, accordingly, the defendant is entitled to the relief requested, namely, a remittal of the case for a new hearing confined to the issue of whether, under all the attendant circumstances, the police had sufficient probable cause to arrest the defendant. This will enable the parties to explore the issue which the court aborted during the hearing. In order to accord both parties the opportunity to litigate the issue fully the defendant’s plea must be vacated, the order denying the motion to suppress vacated, and the motion restored to pending status in order that the issue of legality of the arrest and detention can be fully explored (cf. People v Singer, 44 NY2d 241, 255).
Accordingly, the order of the Appellate Division should be reversed, the plea of guilty vacated, and the case remitted to the County Court of Onondaga County for further proceedings in accordance with this memorandum.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, *982 Wachtler and Meyer concur; Judge Fuchsberg taking no part.
Order reversed, etc.

 Of course, if the causal connection between the illegal arrest and the statements is broken sufficiently to purge the primary taint of the illegal arrest, the statements are admissible notwithstanding the presence of unlawful police conduct (Dunaway v New York, 47 USLW 4635, 4640, supra; Brown v Illinois, 422 US 590; Wong Sun v United States, 371 US 471). However, under the facts and circumstances of this case no claim of attenuation appears to be credible.