■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST CALHOUN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered January 7, 1977, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence. The appeal also brings up for review the denial of the defendant's motion to suppress certain statements. Case remanded to Criminal Term to hear and report in accordance with the following memorandum and appeal held in abeyance in the interim. It is clear that when the defendant was handcuffed and taken to the police station he was arrested and therefore "seized" within the contemplation of the Fourth Amendment (see *Dunaway v New York,* 442 US 200). Nevertheless, no determination was ever made as to the legality of the arrest. Instead, the scope of the pretrial *Huntley* hearing was limited exclusively to the issue of whether the defendant had knowingly and intelligently waived his *Miranda* rights. The court held that the defendant's detention was not an arrest and, consequently, the People did not develop proof, and the court did not rule, on the question of whether the detention was supported by the requisite probable cause. A statement, voluntary under Fifth Amendment standards, will nevertheless be suppressed if it has been obtained through the exploitation of an illegal arrest *(Brown v Illinois,* 422 US 590). On the record before us, we are unable to resolve the issue of the admissibility of the defendant's statements. Accordingly, we remand for a hearing to determine whether the defendant's arrest was supported by probable cause. If the trial court finds that the arrest was improper, it must then determine whether the defendant's statements must be excluded as the fruit of an illegal detention or whether there was sufficient attenuation to sustain the admissibility of the statements (see *People v Havelka,* 45 NY2d 636, 642-643). Mollen, P. J., Damiani, Mangano and Martuscello, JJ., concur.