■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL BURNS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered June 29, 1978, convicting him of manslaughter in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of defendant's motion to suppress certain in-custody statements, and the denial of his application to withdraw his plea of guilty. Judgment reversed, on the law, plea vacated, and case remitted to Criminal Term for further proceedings consistent herewith. Prior to the imposition of sentence, the defendant moved to withdraw his plea of guilty, claiming innocence and that he had only had two minutes on the day of the plea to discuss the matter with his counsel. The minutes of defendant's plea of guilty disclose that after the codefendant, Gregory Johnson, in the course of pleading guilty to the crime of manslaughter in the second degree, admitted that he had shot the victim of the robbery, the court addressed one question to the defendant, "Mr. Burns, what did you do? Were you with him?", to which the defendant responded, "Yes, I was with him." No further discussion took place between the court and the defendant. No questions were addressed by the court to the defendant to ascertain in what manner he had participated in the commission of the crime. Presence alone at the scene of a crime does not constitute an admission of guilty participation. At most such admission is ambiguous and susceptible of either guilt or innocence. Where such doubt becomes manifest, "the court [is] obligated to so inform [defendant] and to explain the possibility of going to trial *(People v. Serrano,* 15 N Y 2d 304). Therefore, defendant should be permitted to replead." (See *People v Crawley,* 42 AD2d 586, 587; *People v McKennion,* 27 NY2d 671.) The defendant's plea of guilty was insufficient and it was error for Criminal Term to deny his motion for leave to withdraw it. Accordingly, the judgment of conviction is reversed, the motion to withdraw is granted, the plea is vacated and the matter is remitted to Criminal Term for further proceedings (see CPL 220.60, subd 3). The People concede that at the *Huntley* hearing, no facts were adduced as to whether there was probable cause to arrest the defendant. Under *Dunaway v New York* (442 US 200), a statement taken from a

defendant who has been arrested without probable cause must be suppressed regardless of whether his Fifth Amendment privileges were adhered to. A statement given voluntarily under the standards of the Fifth Amendment will, nevertheless, be suppressed where it is the product of the exploitation of an illegal arrest *(Brown v Illinois,* 422 US 590). Here, the People's omission to present proof of probable cause to establish the legality of the arrest was attributable to an error of law by Criminal Term, which ruled that, "The matter of the legality or illegality of the defendant's arrest is not determinative of the fundamental issue posed in this Huntley hearing." Where the deficiency in proof is due to such an error of law, to deny the People a rehearing to present proof on this aspect of the matter would be "to deprive them of a full opportunity to be heard" (see *People v Havelka,* 45 NY2d 636, 642; see, also, *People v Malinsky,* 15 NY2d 86, 96; *People v Whitehurst,* 25 NY2d 389; *People v Butterly,* 25 NY2d 159). Accordingly, since no evidence was adduced as to the basis for the defendant's arrest herein, upon the remand of this matter, a hearing must be held to determine whether there actually was probable cause to effect the same. (See *People v Calhoun,* 73 AD2d 972.) Should Criminal Term find that the arrest was illegal, it must then determine whether defendant's statements should be suppressed as the fruit of an illegal detention or whether sufficient attenuation ensued to permit admissibility of the statements (see *People v Calhoun, supra).* Lazer, J. P., Mangano, Gibbons and Margett, JJ., concur.