■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELIJAH CYRUS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered April 4, 1978, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment affirmed. At 4:45 A.M., on the morning of April 11, 1977, defendant was ticketed for a traffic offense while operating an automobile in the Park Slope area of Brooklyn. When the police issued the summons they noticed another man, later identified as Luis Vargas, seated beside him in the car. At approximately 5:20 A.M. that morning, only a few blocks away, Sheila Volman was robbed by two men, at knife point, while walking to the subway station on her way to work. During the incident, which lasted four or five minutes, and occurred on a lighted street, Volman's watch and ring and several items in her pocketbook were stolen. Although the two men ran away, Volman gave a description of the two perpetrators to the police when they arrived at the scene. The following morning, defendant and Vargas were brought to the precinct, but not formally arrested, as suspects in another robbery. After the victim of the second robbery failed to identify them at a lineup, Volman was telephoned by the police, and came to the station house, where she identified defendant and Vargas as the men who had robbed her. They were placed under arrest and advised of their rights. A watch—which Volman later identified as the one which had been taken from her during the robbery—was found on Vargas' person. While Volman was still present at the precinct, the defendant and Vargas requested, and were given, an opportunity to speak to her. Both men stated that they knew Volman could identify them. Defendant also told Volman that if she dropped the charges, he would pay her for whatever she had in her bag. Prior to trial, defendant moved to suppress (1) the watch taken from Vargas at the time of his arrest, (2) the statements made by him (defendant) to Volman at the precinct, (3) the station house identification of him and (4) the in-court identification by Volman. The motion was denied in all respects. We assume, without deciding, that defendant's detention at the station house following the lineup was without probable cause, and therefore improper. We cannot agree with defendant, however, that the trial court committed reversible error in denying suppression of the fruits of the detention. Suppression of the watch was properly denied, since defendant

lacked standing to contest its seizure from the person of his companion (see *Brown v United States,* 411 US 223). Nor did the court err in permitting testimony concerning the statements which defendant made to Volman at the time of his arrest. Since the statements were volunteered, and not made in response to police interrogation (cf. *Dunaway v New York,* 442 US 200; *Brown v Illinois,* 422 US 590), they were not the result of police exploitation of the primary illegality (see *Wong Sun v United States,* 371 US 471, 488) and are not suppressible *(People v Hillyard,* 197 Colo 83; *State v Olds,* 569 SW2d 745 [Mo]; *Sanders v State,* 259 Ark 329; 3 La Fave, Search and Seizure, A Treatise on the Fourth Amendment, § 11.4, p 636). Furthermore, while testimony concerning the precinct showup should have been suppressed as the fruit of the unlawful arrest *(United States v Crews,* 445 US 463) and, arguably, on the separate ground that the identification procedure was unnecessarily suggestive *(People v Ballott,* 20 NY2d 600), the in-court identification by Volman was properly admitted, as based upon an independent source *(United States v Crews, supra).* On the facts presented in the instant record, the trial court's erroneous admission of the prior identification testimony does not warrant reversal. Defendant's identity as one of the robbers was established by overwhelming, properly admitted evidence, including Volman's in-court identification of him, his presence near the scene of the robbery 35 minutes earlier, the watch which was found on his companion, Vargas, and the incriminatory statements which he made to Volman at the precinct. It is therefore, clear, beyond a reasonable doubt, that the trial court's error did not contribute to the conviction (see *People v Almestica,* 42 NY2d 222). We also conclude that while certain questions asked by the prosecutor during the trial were improper, they did not deprive defendant of a fair trial. Titone, J. P., Mangano, Margett and Martuscello, JJ., concur.