■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE L. SPECKS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Suffolk County, rendered January 5, 1979, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of defendant's motion to suppress certain evidence. Judgment reversed, on the law, and plea vacated; the denial of defendant's motion to suppress is vacated and the "motion [is] restored to pending status in order that the issue of [the] legality" of his detention, if any, can be fully explored (see *People v Misuis*, 47 NY2d 979, 981; *Dunaway v New York*, 442 US 200). The record shows that defense counsel's cross-examination was limited by the trial court to issues of voluntariness as they related to custodial interrogation inside the precinct house. Counsel for the various defendants argued that their clients were suspects rather than witnesses from the moment the police officers first approached them at the scene of the crime several hours earlier and secured their assistance in locating certain physical evidence, after which the police used a marked car to escort them to the precinct house for interrogation. On appeal appellant raises the issue created by *Dunaway v New York (supra)*, viz., the lawfulness of the purported detention and the efficacy of the administered *Miranda* warnings in removing the taint from any unlawful detention. Since the issue was not considered at the hearing because *Dunaway* had not yet been decided, a new hearing is mandated (see *United States v Tucker*, 610 F2d 1007). Hopkins, J. P., Damiani, Lazer and Cohalan, JJ., concur.