■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH TYRONE BUSH, Appellant.—Appeal by defendant from a judgment of the County Court, Suffolk County, rendered June 16, 1976, convicting him of

murder in the second degree and attempted sexual abuse in the first degree, upon a jury verdict, and imposing sentence. Case remitted to the County Court to hear and report in accordance herewith, and appeal held in abeyance in the interim. The County Court is to file its report with all convenient speed. Defendant, in connection with a murder investigation, was asked by two Suffolk County police officers to accompany them to the local precinct to review a list of names of people who had been at a party the previous Saturday night. Upon arrival at the precinct house, defendant was advised of his *Miranda* rights and interrogated about the events occurring on the night of the party. It appears that the police never asked defendant any questions relative to the list of names. On this record it is apparent that defendant's presence at the precinct house was not voluntary as it was the result of police deception and trickery. Thus, in effect, defendant was seized by the police officers within the contemplation of the Fourth Amendment (see *Dunaway v New York,* 442 US 200). At bar, no determination was made as to the lawfulness of the initial seizure of the defendant. Accordingly, we remit for a hearing to determine whether the defendant's seizure was supported by probable cause (see *People v Calhoun,* 73 AD2d 972). If the hearing court finds that the police officers did not have probable cause to arrest the defendant at the time that they, in effect, seized him, it must then determine whether the defendant's confession must be excluded as the fruit of an illegal detention or whether there was sufficient attenuation to sustain the admissibility of the confession (see *People v Havelka,* 45 NY2d 636, 642-643; *People v Calhoun, supra).* Damiani, J. P., Mangano, Rabin and Margett, JJ., concur.