■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMILIO DIAZ, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered September 27, 1978, convicting him of attempted criminal possession of a weapon in the third degree, upon a plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of defendant's motion to suppress physical evidence. Judgment reversed, on the law, motion granted, plea vacated indictment dismissed, and case remitted to the Supreme Court, Queens County, for the

purpose of entering an order in its discretion pursuant to CPL 160.50. Although the ultimate burden of proof in a suppression hearing lies with the defendant, it is the People who have the burden of coming forward in the first instance and demonstrating the legality of the underlying police conduct (see *People v Wise,* 46 NY2d 321, 329; *People v Quinones,* 61 AD2d 765). Given the foregoing, it is our view that the People have failed to sustain their initial evidentiary burden of justifying the stop of the automobile in which the defendant was riding as a passenger (see *People v Sobotker,* 43 NY2d 559, 563), and it is for this reason that the judgment must be reversed, the motion to suppress granted, the plea vacated and the indictment dismissed. Damiani, J. P., Gibbons, Gulotta and Weinstein, JJ., concur.