THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN WHITAKER, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered December 15, 1976, as amended by a resentence imposed June 2, 1977, convicting him of murder in the second degree (two counts), attempted murder in the second degree, robbery in the first degree and criminal possession of a dangerous weapon in the second degree, upon a jury verdict. This appeal also brings up for review the denial of defendant's motions to suppress certain evidence. Case remitted to Criminal Term to hear and report in accordance with the following memorandum and appeal held in abeyance in the interim. As the People concede, the suppression court erred in severely limiting the defendant's cross-examination of the sole arresting officer who testified, with respect to the issue of whether

there was probable cause to arrest defendant. It is well settled that on a motion to suppress a defendant's postarrest statements, the suppression court is required to permit the defendant to "delve fully into the circumstances attendant upon his arrest" *(People v Misuis,* 47 NY2d 979, 981; see *People v Wise,* 46 NY2d 321), for "A statement, voluntary under Fifth Amendment standards, will nevertheless be suppressed if it has been obtained through the exploitation of an illegal arrest *(Brown v Illinois,* 422 US 590)" *(People v Calhoun,* 73 AD2d 972). While a prima facie showing of probable cause to arrest defendant was made out, we cannot conclude, on this record, that defendant was not prejudiced by the court's erroneous ruling (see *People v Wise, supra).* Accordingly, a new hearing is required, initially limited to the issue of whether there was probable cause to arrest defendant. If the hearing court finds that there was not probable cause to arrest defendant, thus rendering his arrest improper, it must then determine whether the defendant's postarrest statements must be suppressed as fruit of an unlawful arrest or whether there was sufficient attenuation to sustain the admissibility of the statements (see *Brown v Illinois, supra).* If it is determined that the defendant's statements must be suppressed, then it must be further determined whether the gun mentioned in defendant's statements and introduced into evidence at trial must also be suppressed as additional fruit of an unlawful arrest (see *Wong Sun v United States,* 371 US 471, 487-488). Turning to the remaining issues, *Payton v New York* (445 US 573) can afford defendant no basis for relief since we, like the Appellate Division, First Department, decline to apply the holding of that case retroactively to cases, such as this one, where the defendant's warrantless arrest at his residence occurred before the decision in *Payton* was announced (see *People v Benitez,* 76 AD2d 196, 199, n 2; see, also, *United States v Corcione,* 592 F2d 111, 117-118, cert den 440 US 975, 985). Assuming that defendant was represented by counsel on an unrelated charge at the time he was questioned with respect to the events underlying the charges at bar, his postarrest statements need not be suppressed on that ground since there is nothing in the record to suggest that the police were aware that defendant, who was at liberty at the time of his arrest, was then facing another charge or represented by counsel with respect to that charge (see *People v Servidio,* 77 AD2d 191). We have examined the remaining issues raised and have determined that none of them requires that defendant be afforded any relief. Mollen, P. J., Titone, Margett and Weinstein, JJ., concur.