■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL CORTEZ, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered December 1, 1977, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the conviction of robbery in the second degree under the second count of the indictment, dismissing that count and vacating the sentence imposed thereon. As so modified, judgment affirmed. The jury was instructed by the trial court to consider the first two counts of the indictment in the alternative. The jury failed to adhere to the court's instructions and rendered a verdict convicting the defendant of both counts. This failure requires a reversal of the defendant's conviction on the second count of the indictment and a dismissal of that count (see CPL 310.50, subd 3). We have considered the defendant's remaining contentions and find them to be without merit. Titone, J. P., Lazer, Gulotta and Margett, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES W. KING, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Suffolk County, rendered January 5, 1979, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of defendant's motion to suppress certain evidence. Judgment reversed, on the law, and plea

vacated; the denial of defendant's motion to suppress is vacated and the "motion [is] restored to pending status in order that the issue of [the] legality" of his detention if any, can be fully explored (see *People v Misuis,* 47 NY2d 979, 981; *Dunaway v New York,* 442 US 200). The instant appeal is governed, as the People concede, by this court's prior disposition of an appeal by appellant's codefendant (see *People v Specks,* 77 AD2d 669). Therefore a new suppression hearing is mandated. Hopkins, J. P., Mangano, Margett and Weinstein, JJ., concur.