■ In the Matter of ROBERT E.D., Also Known as EVERTON R., Appellant. — Appeal from an order of the Family Court, Kings County, dated August 30, 1979, which, upon a finding after a hearing that appellant had committed acts which, if done by an adult, would constitute the crime of criminal possession of a weapon in the second degree, adjudicated him a juvenile delinquent and placed him on probation for six months. The appeal brings up for review the denial of appellant's motion to suppress evidence. Order reversed, on the law, without costs or disbursements, motion to suppress granted and proceeding remitted to the Family Court, Kings County, for further proceedings consistent herewith. At the fact-finding hearing it was established that Police Officer Sperrazza, at about 11:55 P.M. on October 31, 1978, responded to 80 Beaver Street. At that location, Luis Rodriguez told Sperrazza that appellant, displaying a gun, had threatened to shoot him and two other individuals who had been with him. Rodriguez also told Sperrazza

that appellant went to Apartment 13 where he resided. Sperrazza immediately proceeded to Apartment 13, where he knocked on the door several times. There was no response. All exits of the building were covered by the police and emergency service personnel were called to the scene. Upon arrival of the emergency service personnel, some members of that unit again knocked on the door several times. There still was no response. It should be noted that neither Sperrazza nor any member of the emergency service unit announced his authority and purpose. The door to the apartment was then battered off its hinges. Upon entry into the apartment, approximately 45 minutes after the arrival of Sperrazza, the police, 10 in number, observed appellant and another individual standing in the hallway adjacent to the bathroom. Both appellant and the other individual were told to raise their hands, which they did, and were arrested. As to Sperrazza's activity during the course of the arrest, his own testimony is conflicting. He initially testified that, while standing in the hallway, he looked into the bathroom, the door of which was open, and observed a sock protruding from beneath the linoleum which was raised in one corner. He went into the bathroom and seized the sock. It contained a gun. Later, however, Sperrazza testified that he had gone into the bathroom to search specifically for the gun. After recovering the gun, Sperrazza continued to search the other rooms of the apartment. The warrantless entry into appellant's apartment having occurred prior to the announcement of the decision in *Payton v New York* (445 US 573), and it being settled that *Payton v New York (supra)* is not retroactive *(People v Whitaker,* 79 AD2d 668), we need not determine if there were exigent circumstances justifying the entry. With respect to the search and ultimate seizure of the gun within the apartment, we find that to have been improper. Contrary to the Family Court's determination, in order to sustain the search as incidental to an arrest, it is not enough that the gun was found in the area of the arrest. Rather, it must have been uncovered within the area of appellant's immediate control (see *Chimel v California,* 395 US 752). The fact that appellant was arrested in the hallway adjacent to the bathroom, without more, is insufficient to support a finding that the precise location at which the gun was uncovered was within the area of appellant's immediate control. Consequently, the search for and seizure of the gun cannot be justified as being incidental to the arrest (see *Chimel v California, supra).* The search and seizure also may not be justified either under the plain view exception to the prohibition against a warrantless search or as a response to exigent circumstances. In order that a search may be proper under the plain view exception, the object seized must have been in plain view and the observation of the same must have been inadvertent *(People v Spinelli,* 35 NY2d 77). When, as here, however, the gun was contained within a sock, it cannot be argued that the gun was in plain view. Further, Sperrazza's testimony that he went into the bathroom to search specifically for the gun calls into question that element requiring the observation of the gun to have been inadvertent. With respect to the existence of exigent circumstances, information that appellant possessed a gun, without more, cannot justify a search for the gun (see *People v Clements,* 37 NY2d 675). We find appellant's remaining contentions to be without merit. Lazer, J.P., Mangano, Cohalan and Margett, JJ., concur.