■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY WISE, Appellant. — Appeal by defendant (by permission) from an order of the Supreme Court, Kings County (Slavin, J.), dated April 25, 1980, which denied his motion to set aside a judgment of conviction, rendered February 27, 1975, convicting him of murder in the second degree (felony murder). Order affirmed. In January, 1973 one Albert Jenks was shot to death while sitting at a kitchen table in an apartment in Brooklyn. A preliminary investigation by

Detective John Grosso pointed to defendant Gregory Wise as a primary suspect. Defendant was taken to the police precinct for questioning. He made inculpatory statements to Detective Grosso and to another detective. At a *Huntley* hearing, the Trial Court agreed to suppress statements made to the second detective, but decided to admit certain statements made to Detective Grosso. Defendant was subsequently convicted. The conviction was eventually upheld on appeal. *(People v Wise,* 60 AD2d 921 [which revd the judgment and ordered a new trial], revd and case remitted for review of the facts 46 NY2d 321, upon remittitur judgment affd 67 AD2d 737.) Now defendant seeks to set aside his conviction by the retroactive application of the majority rule in *Dunaway v New York* (442 US 200) to the facts of his case. In that case, the majority found that detention for custodial interrogation is so severe an intrusion on interests protected by the Fourth Amendment as to "trigger the traditional safeguards against illegal arrest" (442 US, at p 216). This court has applied *Dunaway v New York (supra),* to cases on direct appeal where the question had been raised in some manner at nisi prius. *(People v Grant,* 80 AD2d 862; *People v Specks,* 77 AD2d 669; *People v Cyrus,* 76 AD2d 842; *People v Burns,* 75 AD2d 899; *People v Calhoun,* 73 AD2d 972; see, also, *United States v Tucker,* 610 F2d 1007; cf. *People v Jones,* 81 AD2d 22.) However, we decline to apply the rule of *Dunaway v New York (supra)* to cases in which a defendant's appeal has already been taken and exhausted. We believe that there is a vast difference between applying the decisions of the United States Supreme Court to cases pending on appeal and applying them to cases in which the appellate process has been exhausted. (See, e.g., *Linkletter v Walker,* 381 US 618; *People v De Renzzio,* 19 NY2d 45.) Margett, J.P., O'Connor, Weinstein and Thompson, JJ., concur.