■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN CAPPIELLO, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered July 9, 1979, convicting him, *inter alia,* of murder in the second degree (two counts) and robbery in the first degree, after a nonjury trial, and imposing sentence. Judgment affirmed. Defendant and two codefendants were each originally convicted, after a jury trial, of two counts of murder in the second degree, for the 1976 slayings of Joseph and Angelina Tucci in their Brooklyn home. The judgments of conviction were rendered in June, 1977. Prior to that trial, defendant moved to suppress his inculpatory statements. After a *Huntley* hearing, the motion was denied, and, on the appeal from the 1977 judgment, defendant raised various arguments regarding that denial. This court reversed defendant's conviction, as well as that of one codefendant, Santanella, and ordered a new trial due to an error in the trial court's charge to the jury (see *People v Santanella,* 63 AD2d 744). However, this court rejected defendant's arguments regarding the motion to suppress his statements, holding (at p 747): "We have considered * * * defendant Cappiello's argument that the court erroneously denied his motion to suppress certain statements made by him to the police and the Assistant District Attorney * * * [and] find * * * [the] arguments to be without merit." Defendant and Santanella were then jointly retried for the murders and lesser charges and, after a nonjury trial, were convicted of the murders and the various lesser counts. On the present appeal from the conviction rendered upon the retrial, defendant's appellate counsel argues that this court should again review the determination made after the *Huntley* hearing, in light of two decisions which were handed down after defendant's first appeal to this court was decided, i.e., *People v Evans* (70 AD2d 886) and *Dunaway v New York* (442 US 200). We disagree. With regard to *People v Evans* (*supra*), a reading of that decision clearly demonstrates that no new principle of law was enunciated therein. In *Evans* (*supra,* p 888), this court reversed the murder conviction of a 17-year-old defendant and granted his motion to suppress statements, on the well-established ground that the police had improperly engaged in a course of conduct which "interfered with the process by which a suspect and his family communicate". A similar ground was unsuccessfully raised by the defendant herein at the hearing prior to his first trial, and was also rejected by this court on his initial appeal (*People v Santanella, supra*). Accordingly, we are not mandated by *Evans* to review our original.determination on this issue. The

issue of the retroactive application of *Dunaway v New York* (*supra*) to the facts at bar requires a somewhat more extensive discussion. In *Dunaway* (*supra*) the Supreme Court of the United States effectively overruled *People v Morales* (22 NY2d 55 and 42 NY2d 129) by holding that police detention of an individual for custodial interrogation must be supported by probable cause, and not the lesser standard of reasonable suspicion which was the applicable standard at the time of the determination of defendant's initial appeal to this court (see *People v Morales, supra*). In cases where a determination on a motion to suppress was made by nisi prius prior to *Dunaway,* we have applied the principle of *Dunaway* to the case on direct appeal, provided the issue was raised in some manner at nisi prius (see *People v Specks,* 77 AD2d 669; *People v Cyrus,* 76 AD2d 842; *People v Burns,* 75 AD2d 899; *People v Calhoun,* 73 AD2d 972; see, also, *United States v Tucker,* 610 F2d 1007). If no Fourth Amendment issue was effectively raised at nisi prius, any argument with respect thereto, including *Dunaway,* is deemed waived (see *People v Jones,* 81 AD2d 22; see, also, *People v Tutt,* 38 NY2d 1011). In our view, defendant's conviction can be considered, within the particular context of the chronological history of this case, to be still in the appellate process. However, a review of defendant's papers in support of his motion to suppress, as well as the closing argument of defense counsel at the *Huntley* hearing and the decision of nisi prius on the motion to suppress, clearly demonstrate that the defendant's arguments at the *Huntley* hearing were directed solely to alleged violations of defendant's Fifth Amendment rights. Under all of these circumstances, we agree with the People's contention on this appeal that any argument by defendant at this juncture regarding *Dunaway* should be considered waived (see *People v Jones, supra; People v Tutt, supra*). Damiani, J. P., Titone, Mangano and Gibbons, JJ., concur.