■ In the Matter of WESTBURY MOTEL INC. (HOSTWAYS MOTEL), Appellant, v BOARD OF ASSESSORS OF THE COUNTY OF NASSAU ET AL., Respondents. — In consolidated proceedings pursuant to article 7 of the Real Property Tax Law to review tax assessments on certain real property, the petitioner appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Nassau County (Farley, J.), dated February 18, 1982, as, in effect, confirmed the assessments for the tax years 1971/1972 through 1973/1974 and, in granting certain reductions for the 1974/1975 through 1980/1981 tax years, failed to reduce them further. Judgment affirmed insofar as appealed from, with costs. The respondents concede that, where properly utilized, the income approach could be used to value a motel, including the subject budget-type, "no amenities" facility. We agree with Special Term and with respondents, however, that the income approaches used by both parties were defective. Accordingly, Special Term was correct in utilizing the cost approach (see *People ex rel. Hotel Paramount Corp. v Chambers,* 298 NY 372; *Matter of Westbury Motel Co. v Board of Assessors,* 88 AD2d 794). Thompson, J. P., O'Connor, Brown and Rubin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUDOLPH ALBERT, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Naro, J.), rendered July 5, 1979, convicting him of sexual abuse in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of defendant's omnibus motion as sought suppression of certain statements made by him to the police. Judgment affirmed. In an omnibus motion seeking, *inter alia,* suppression of statements made by him to the police, defendant alleged that he was not properly advised of his *Miranda* rights, and that, therefore, the statements were involuntary. At the hearing held thereon, defense counsel noted that the sole issue before the court was the voluntariness of the statements and he argued that they were rendered involuntary by virtue of defendant's state of intoxication at the time of his arrest. The decision of the hearing court makes clear as well that defendant's only basis for seeking suppression of his statements was that they were involuntary. Defendant now argues, for the first time, that his statements should be suppressed as a result of the People's failure to prove that there was probable cause for his arrest, citing *Dunaway v New York* (442 US 200). In cases such as this, where a determination on a motion to suppress was made by nisi prius prior to *Dunaway,* this court has applied the principle of *Dunaway* to the case on direct appeal, provided the issue was raised in some manner at nisi prius. If no Fourth Amendment issue was effectively raised at that time, any argument with respect thereto, including *Dunaway,* is deemed waived (see *People v Cappiello,* 85 AD2d 608, 609). Accordingly, under the circumstances at bar, defendant's argument regarding *Dunaway* must be considered waived. Mollen, P. J., Weinstein, Brown and Boyers, JJ., concur.