■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE SANCHEZ, Also Known as JUAN MEDINA, Appellant. [653 NYS2d 563] —Appeal from the judgment, Supreme Court, New York County (Felice Shea, J.), rendered on July 28, 1992, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the third degree, and sentencing him to concurrent terms of 16 years to life and 4 to 12 years, respectively, is unanimously held in abeyance, and the matter is remanded to the trial court for a new suppression hearing.

Defendant was arrested after he was purportedly observed discarding a bag that was found to contain cocaine. Defendant subsequently moved to suppress the physical evidence, and a hearing was conducted on March 5, 1992, at which Police Officer Barry Brown was the only witness for the prosecution.

Officer Barry Brown testified that he and Officer Jacqueline Brown, both of whom were in uniform, were walking south on Broadway between 148th and 149th Streets when they noticed defendant. At approximately the same time, a number of Hispanic males allegedly voiced warnings that the police were approaching. Shortly thereafter, defendant purportedly made eye contact with the officers, dropped a bag he was carrying onto the sidewalk, and ran into 3609 Broadway.

Officer B. Brown testified that he pursued defendant into the building and instructed Officer J. Brown to retrieve the bag. Officer B. Brown consequently apprehended defendant and recovered $897 from his pocket; the bag was determined to have contained two plastic bags of cocaine. Officer B. Brown did concede that when observing defendant drop the bag, he had no knowledge that a crime had been committed but "had a feeling" that defendant was engaged in criminal activity. There was also some discrepancy in the officer's testimony as to exactly where the drugs were recovered and as to when Officer J. Brown, who in fact was the arresting officer, informed Officer B. Brown that the bag contained drugs. Officer B. Brown maintained that he never made any notations in his memo book concerning any portion of the event.

At the conclusion of the officer's testimony, the defense sought to procure the appearance of Officer J. Brown, who allegedly had "all the paperwork" and who swore out the complaint against the defendant. In that complaint, Officer J. Brown maintained that she observed defendant drop the bag containing the drugs in the building's hallway, which was inconsistent with Officer B. Brown's testimony that the drugs were recovered from the sidewalk and that the officers were 30 feet away when they observed defendant drop the bag. If the officers, as Officer B. Brown had testified, were 30 feet away when the bag was dropped, it would have been virtually impossible for them to have observed such act occurring in the doorway.

The court, however, refused to sign a subpoena for Officer J. Brown, and the officer was unwilling to voluntarily appear. The defense then called Eddie Martinez, a next-door neighbor of defendant, who testified that he was standing outside the building on the night in question, saw police enter the building after getting a resident to let them inside (Martinez claimed the door was locked, Officer B. Brown claimed it was open), and proceed to defendant's apartment, where they arrested him. Martinez maintained that defendant was not outside the building that night.

At the conclusion of the hearing, the court credited the testimony of Officer B. Brown and denied the motion to suppress, finding that the bag of cocaine was legally retrieved by the police and that the money taken from defendant's pocket was seized in a search incident to a lawful arrest. The defendant was thereafter convicted after a jury trial. Defendant, on appeal, now urges, *inter alia*, that he was deprived of his due process right when the suppression court declined to compel Officer J. Brown to appear as a witness.

The People bear the burden of coming forward to justify police activity, such as an arrest, once it is challenged by the defendant, and it is incumbent upon the suppression court to permit a thorough inquiry into the propriety of the police conduct (*People v Wise*, 46 NY2d 321, 329; *People v Misuis*, 47 NY2d 979, 981; *People v Baldwin*, 25 NY2d 66, 70-71; *People v Diaz*, 78 AD2d 640, 641, *lv denied* 52 NY2d 831). In those cases where the defendant is denied an opportunity at the suppression hearing to examine the full circumstances surrounding his arrest, the matter should be remanded for a hearing to fully determine events leading up to the arrest (*People v Havelka*, 45 NY2d 636, 642-643; *People v Misuis, supra*, at 981).

In the matter before us, in view of the contradictory statements contained in the complaint filed by Officer J. Brown, and the testimony of Officer B. Brown, we remand the matter for a new suppression hearing so that the issue of the legality of the arrest may be fully explored. Concur—Ellerin, J. P., Wallach, Nardelli, Tom and Mazzarelli, JJ.