■ In the Matter of ROSEWOOD PROPERTY COMPANY, LLC, Appellant, v BOARD OF ASSESSMENT REVIEW FOR TOWN OF HAMBURG et al., Respondents, and HAMBURG CENTRAL SCHOOL DISTRICT, Intervenor-Respondent. [765 NYS2d 287] —Appeal from a judgment of Supreme Court, Erie County (Doyle, J.), entered August 30, 2002, which reduced the assessment for the subject property for the tax year 1997-1998 and declined to reduce the assessments for the tax years 1998-1999, 1999-2000 and 2000-2001.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner appeals from a judgment confirming the Referee's report in this tax certiorari case. We agree with Supreme Court that petitioner failed to meet its burden of establishing by a preponderance of the evidence that the assessments for the tax years in question were excessive. Petitioner correctly contends that, by submitting an appraisal utilizing accepted methods of valuation, it met its "minimal" initial burden of overcoming the presumption that the assessments for the 1997-1998, 1998-1999, 1999-2000 and 2000-2001 tax years are valid (*Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack*, 92 NY2d 179, 191 [1998]; *see Matter of Boyce-Canandaigua, Inc. v Brown*, 289 AD2d 971 [2001]). However, we conclude that the Referee acted within his discretion in determining that the cost approach was the more accurate valuation method. The assessments at issue were made soon after the facility was constructed (*see Matter of Conifer Baldwinsville Assoc. v Town of Van Buren*, 115 AD2d 325 [1985], *affd* 68 NY2d 783 [1986] [actual building construction costs provide some evidence of value]) and the income approach utilized by petitioner's appraisers was unreliable (*see Matter of Westbury Motel v Board of Assessors of County of Nassau*, 98 AD2d 725 [1983]). The Referee weighed the evidence and his findings of fact and conclusions of law are supported by the record (*see Matter of NYCO Mins. v Town of Lewis*, 296 AD2d 748, 749 [2002], *lv dismissed in part and denied in part* 99 NY2d 576 [2003]; *Matter of Blue Circle v Schermerhorn*, 235 AD2d 771, 772 [1997]). Present—Pigott, Jr., P.J., Pine, Wisner and Kehoe, JJ.