*281 Judgment, Supreme Court, Bronx County (David Stadtmauer, J.), rendered May 22, 2007, convicting defendant, upon his plea of guilty, of attempted burglary in the second degree and robbery in the third degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 12 years to life, unanimously reversed, on the law and as a matter of discretion in the interest of justice, the plea vacated, and the matter remanded for further proceedings including a new suppression hearing.
The plea was involuntary because, at the plea allocution, once again there was no mention of any of the rights defendant would be waiving by pleading guilty, including his right to a jury trial, his right of confrontation and his right against self-incrimination (see People v Colon, 42 AD3d 411 [2007]). Since defendant’s plea was invalid, his waiver of the right to appeal is also invalid.
At the suppression hearing, the court erred by unduly restricting defendant’s opportunity to test the validity of the People’s case through cross-examination of the arresting officer. The officer testified that when he interviewed the complainant, there was another person present who also provided information about the underlying incident. Although the People made a prima facie showing of probable cause for defendant’s arrest based on the complainant’s information, this was not a proper basis on which to cut off all questioning about the information provided by the other person. Defendant was entitled to ask the officer about the other person’s account of the incident and description of the perpetrator (see People v Misuis, 47 NY2d 979 [1979]; People v Sanchez, 236 AD2d 243 [1997]). Concur—Lippman, PJ., Sweeny, Catterson and Acosta, JJ.