OPINION OF THE COURT
Memorandum.
Ordered that the judgment of conviction is affirmed.
When the arresting officer observed defendant speeding (see Vehicle and Traffic Law § 1180 [d]) and failing to drive on the right side of the roadway (see Vehicle and Traffic Law § 1120 [a]), he pulled defendant over, arrested him and ultimately charged him with, among other things, driving while intoxicated (Vehicle and Traffic Law § 1192 [3]). Thereafter, defendant made an omnibus motion seeking, among other things, to suppress inculpatory statements on Huntley grounds.
By order dated January 6, 2009, the Justice Court granted a hearing, pursuant to CPL 710.60 (4), limited “to the question of whether the statements were the product of coercion, improper promises or were obtained in violation of the requirements of Miranda v Arizona.” The order specifically provided that the hearing would not address the issue of “whether [defendant’s] statements were the product of an illegal stop or unlawful arrest.”
At the Huntley hearing, in contravention of its prior order, the Justice Court allowed defense counsel to cross-examine the arresting officer regarding whether he had reasonable suspicion to stop defendant’s vehicle and probable cause to arrest defendant for driving while intoxicated. The Justice Court permitted inquiry into the arresting officer’s observations regarding defendant’s motor coordination, glassy eyes and the source of alcoholic odors emanating from his vehicle, but precluded defense counsel from cross-examining the arresting officer with respect to his administration of various sobriety tests. At the conclusion of the Huntley hearing, the Justice Court stated, “I will write my decision by March 3, and on March 3, I think it’s pretty fair to assume that I’m not going to suppress these state- *12 merits, but I’m required to write a written decision outlining the findings of fact and conclusions of law.”
By order dated February 20, 2009, the Justice Court denied the branch of defendant’s omnibus motion which sought to suppress his inculpatory statements. On March 3, 2009, defendant pleaded guilty to driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), without ever having seen the February 20, 2009 order. On appeal, defendant contends that the Justice Court erred when it precluded defense counsel from cross-examining the arresting officer with respect to whether he had possessed probable cause to arrest defendant.
Assuming, contrary to the People’s contention, that the Justice Court “finally” denied defendant’s suppression motion prior to his guilty plea when it orally denied defendant’s motion at the conclusion of the Huntley hearing (CPL 710.70 [2]; see People v Allman, 133 AD2d 638, 639 [1987]; see also People v Rizzo, 5 AD3d 924, 925 [2004]; but see People v Adams, 31 AD3d 1063, 1064 [2006]), and, thus, that defendant did not waive his right to seek appellate review of the denial of this branch of his motion, we nevertheless find no reversible error.
The Justice Court erred when, in its January 6, 2009 order, it, sua sponte, limited the Huntley hearing to the issue of voluntariness.
“It is well settled that on a motion to suppress a defendant’s postarrest statements, the suppression court is required to permit the defendant to ‘delve fully into the circumstances attendant upon his arrest’ {People v Misuis, 47 NY2d 979, 981; see People v Wise, 46 NY2d 321), for ‘A statement, voluntary under Fifth Amendment standards, will nevertheless be suppressed if it has been obtained through the exploitation of an illegal arrest {Brown v Illinois, 422 U.S. 590)’ {People v Calhoun, 73 AD2d 972)” {People v Whitaker, 79 AD2d 668, 669 [1980]; see People v Burns, 75 AD2d 899 [1980]).
The Justice Court’s error, however, was ultimately harmless because the court contravened its own decision by allowing defense counsel sufficient latitude to cross-examine the arresting officer regarding the probable cause for defendant’s arrest. The arresting officer testified, and defense counsel did not refute, that he had first seen defendant’s vehicle traveling at a high rate of speed in the opposite lane of traffic. The vehicle crossed the center line of the roadway, forcing the arresting offi *13 cer to swerve his patrol car to avoid a collision. After stopping defendant to issue him two traffic citations, the arresting officer observed that defendant had glassy eyes (although he later learned that defendant wore contact lenses on the night of the arrest) and that the odor of alcohol emanated from his vehicle. While defendant did not have difficulty walking, he was “a little unsteady” when exiting his vehicle. Moreover, defendant admitted that “he had had two beers” earlier that night.
Therefore, “the circumstances before and after the stop, as established by the credited hearing testimony, and when ‘viewed objectively,’ constituted probable cause for arresting defendant for driving while intoxicated, or, at the very least, for the closely related offense of driving while ability impaired” (People v Ryan, 23 Misc 3d 130[A], 2009 NY Slip Op 50661[U], *2 [App Term, 9th & 10th Jud Dists 2009] [citations omitted]; see e.g. People v Rich, 25 Misc 3d 126[A], 2009 NY Slip Op 52014[U] [App Term, 9th & 10th Jud Dists 2009]; Villalobos v County of Nassau, 15 Misc 3d 135[A], 2007 NY Slip Op 50751[U] [App Term, 9th & 10th Jud Dists 2007]).
Accordingly, the judgment of conviction is affirmed.
Nicolai, EJ, LaCava and Iannacci, JJ, concur.