People v Riley (2020 NY Slip Op 51215(U))

[*1]

People v Riley (Shawn)

2020 NY Slip Op 51215(U) [69 Misc 3d 132(A)]

Decided on October 8, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 8, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : THOMAS A. ADAMS, P.J., JERRY GARGUILO, ELIZABETH H.
EMERSON, JJ

2019-613 S CR

The People of the State of New York,
Appellant, 
against
Shawn Riley, Respondent. 

Suffolk County District Attorney (Nicole L. Gallo of counsel), for appellant.
Suffolk County Legal Aid Society (Lisa Marcoccia of counsel), for respondent.

Appeal from an order of the District Court of Suffolk County, First District (Alfred C. Graf,
J.), dated January 16, 2019. The order, insofar as appealed from, after a hearing, granted the
branch of defendant's motion seeking to suppress all evidence obtained subsequent to his
arrest.

ORDERED that the order, insofar as appealed from, is reversed, on the law, the branch of
defendant's motion seeking to suppress all evidence obtained subsequent to his arrest is denied,
and the matter is remitted to the District Court for all further proceedings.
Defendant was charged in an information with driving while intoxicated (common law)
(Vehicle and Traffic Law § 1192 [3]). A probable cause hearing was held at which the
arresting officer, the sole witness, testified that, while on patrol, he had seen a vehicle driven by
defendant stopped at a red light in a left-turn lane. Part of the vehicle was across the double line
divide and inside of an opposing traffic lane. The officer effected a traffic stop. He testified that
defendant, who was alone in the vehicle, had bloodshot eyes, slurred speech and the odor of an
alcoholic beverage on his breath. A partially consumed bottle of Hennessy cognac was on the
back seat. When defendant exited his car, he was unsteady on his feet, and he subsequently failed
three field [*2]sobriety tests. However, the officer testified that
defendant's performance on each test was partially successful. The officer also testified that he
did not determine that defendant was intoxicated until after he had administered the field sobriety
tests.
The District Court found that the stop of defendant's vehicle was lawful, as it was predicated
upon probable cause to believe that defendant had committed a traffic violation (see
Vehicle and Traffic Law § 1128 [a]; People v Robinson, 97 NY2d 341, 349 [2001]).
This finding is not contested on appeal.
The District Court also found that, because of defendant's partially successful performance,
his field sobriety test results did not constitute probable cause to believe that defendant was
intoxicated. Because the officer determined that defendant was intoxicated based upon the field
sobriety test results, the court held that probable cause was absent from defendant's arrest and
consequently granted defendant's motion to suppress the evidence obtained subsequent to his
arrest, including defendant's refusal to submit to chemical testing of his breath to determine its
blood alcohol content.
The court's reliance on the officer's subjective opinions was in error. "The assessment of
whether there was probable cause for the arrest of an individual is to be made . . . upon
consideration of all the relevant objective facts known to the officer; the subjective beliefs of the
officer do not control the determination" (People v Cooper, 38 AD3d 678, 679 [2007]; People v Koszko, 57 Misc 3d 47,
50 [App Term, 2d Dept, 9th & 10th Jud Dists 2017]). Here, the evidence of defendant's
intoxication—i.e., the traffic violation; defendant's bloodshot eyes, slurred speech and the
odor of alcohol on his breath; and the presence of a partially consumed bottle of Hennessy on the
back seat of the car—objectively provided the officer with probable cause to arrest
defendant for driving while impaired, if not intoxicated driving (see People v Johnson, 140 AD3d
978, 979 [2016] ["Contrary to the defendant's contention, the testimony of the arresting
officer that he observed the defendant in a visibly intoxicated condition, seated behind the wheel
of the vehicle with the engine running and the transmission in drive, was sufficient to provide
probable cause to arrest the defendant for driving while intoxicated"]). "Therefore, the
circumstances before and after the stop, as established by the credited hearing testimony, and
when viewed objectively, constituted probable cause for arresting defendant for driving while
intoxicated, or, at the very least, for the closely related offense of driving while ability impaired"
(People v Wachausen, 33 Misc 3d
10, 13 [App Term, 2d Dept, 9th & 10th Jud Dists 2011] [internal quotation marks
omitted]).
Accordingly, the order, insofar as appealed from, is reversed and the branch of defendant's
motion seeking to suppress all evidence obtained subsequent to his arrest is denied.
ADAMS, P.J., GARGUILO and EMERSON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 8, 2020