ceived the benefit of his bargain, defendant should be bound by its terms." *(People v Felman,* 141 AD2d 889, 890, *lv denied* 72 NY2d 918.)  Concur—Ross, J. P., Rosenberger, Asch, Kassal and Rubin, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY BOYD, Appellant.—Judgment, Supreme Court, New York County (Alpert, J.), rendered on April 16, 1989, convicting defendant, upon his plea of guilty, of robbery in the second degree and sentencing defendant to an indeterminate term of imprisonment of 4½ to 9 years, is unanimously affirmed.

We are unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account, "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we perceive no abuse of discretion warranting a reduction in sentence. *(People v Farrar,* 52 NY2d 302, 305.)

Further, defendant was sentenced in accordance with his plea bargain and within statutory guidelines. "Having received the benefit of his bargain, defendant should be bound by its terms." *(People v Felman,* 141 AD2d 889, 890, *lv denied* 72 NY2d 918.)  Concur—Ross, J. P., Rosenberger, Asch, Kassal and Rubin, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRISTOBAL VASQUEZ, Appellant.—Judgment, Supreme Court, New York County (John A.K. Bradley, J., at plea, sentence and suppression hearing), rendered December 5, 1988, which convicted defendant, upon his guilty plea, of criminal possession of a controlled substance in the second degree and sentenced him to an indeterminate prison term of from 5 years to life, unanimously affirmed.

After observing defendant's vehicle pass a red light, a police officer stopped defendant's car, approached the vehicle, and noticed that the car had a temporary New Jersey license plate which did not comport with the legal requirements. Defendant, unable to produce any identification, lifted his arms, revealing a bulge and a yellow rectangular package inside defendant's jacket. When defendant placed his hand inside his jacket, the officer touched the bulge, fearing for his safety. Defendant then fled from the car. Officer Parisi caught and tackled defendant. The yellow package fell to the ground and defendant was placed under arrest for possession of cocaine.

After defendant was advised of his *Miranda* rights, which he acknowledged he understood, defendant responded to sev-

eral questions. He noted that he was caught "red handed" and that he was acting as a "middleman".

Defendant contends that the officer's testimony was incredible as a matter of law. It is well established that credibility issues are primarily for the trier of facts *(People v Garafolo,* 44 AD2d 86), and only when the factual findings of the suppression court are "manifestly erroneous" or "plainly unjustified" by the evidence is reversal warranted. *(Supra,* at 88.) The arresting officer's testimony was consistent and credible and provided sufficient basis for the stop of the car and the recovery of the cocaine. Any minor discrepancies in this testimony were insignificant and properly evaluated by the suppression court.

Defendant's negotiated sentence was not excessive. Concur —Milonas, J. P., Rosenberger, Asch, Kassal and Rubin, JJ.