■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BONAFACIO RAMOS, Appellant.—Judgment, Supreme Court, Bronx County (Ivan Warner, J., at trial and hearing), rendered March 2, 1989, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the second degree and sentencing him to an indeterminate term of imprisonment of nine years to life to run consecutively to a sentence of 6 to 12 years' imprisonment imposed by the County Court of Nassau County on November 30, 1988, unanimously affirmed.

While on uniformed motor patrol, Police Officers DiCaprio and Fowler observed four males "loitering" in the hallway of a drug-prone location. After exiting the patrol car, Officer DiCaprio observed defendant from less than 10 feet away holding a white plastic bag packed so tightly that the outline of vials was discernible. Defendant fled upon seeing the officer, dropping the bag during the course of the officer's pursuit.

The officer's testimony was not incredible as a matter of law. The officer testified that he observed the outline of vials, not the contents. The denial of suppression was not " 'manifestly erroneous' " or " 'plainly unjustified' " by the

evidence as to warrant reversal. *(People v Vasquez,* 166 AD2d 194, 195.)

The observation of vials is the " 'hallmark of an illicit drug exchange' ". *(People v Goggans,* 155 AD2d 689, 690.) The officer, having observed the vials, combined with his prior knowledge that this was a drug-prone location, was justified in detaining defendant. The recovery of the bag discarded during flight was therefore proper. *(See, People v Leung,* 68 NY2d 734.)

The prosecutor's comparison of defense counsel's summation to a "bouncing ball" during summation was within the bounds of permissible rhetorical comment. *(See, People v Rivera,* 159 AD2d 255, *lv denied* 76 NY2d 795.) The prosecutor's comments that the People's witness had no motive to lie were a fair response to the defense summation.

At trial the court failed to charge the jury regarding the evaluation of a police officer's testimony. "[B]ecause the only witnesses herein were police witnesses and because defendant did not testify and, thus, his testimony was not singled out for special scrutiny, the omission [of a police witness charge] was not prejudicial to defendant". *(People v Miller,* 159 AD2d 224, *lv denied* 76 NY2d 739.) Concur—Murphy, P. J., Sullivan, Carro, Ellerin and Smith, JJ.