■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE MELETTE, Also Known as ALLEN BANKAS, Appellant.— Judgment of the Supreme Court, New York County (Rose Rubin, J.), rendered June 27, 1988, convicting defendant, after a jury trial, of robbery in the third degree, for which he was sentenced as a second felony offender to 3½ to 7 years, unanimously affirmed.

On September 1, 1987, as the complainant and her friends were eating lunch in a lower Manhattan restaurant, defendant removed the complainant's purse from her chair. Feeling a brush against her shoulder, complainant was alerted to the theft, and managed to wrest her purse away from defendant. Defendant ran from the restaurant, followed by one of the complainant's companions, as well as two police officers who saw the defendant emerge from the restaurant. A crowd of pedestrians apprehended defendant a short distance from the restaurant.

The testimony at the *Wade* hearing indicated that, after one of the police officers took custody of defendant, complainant's companion stepped forward from the crowd and identified defendant as the perpetrator of the robbery. Under these circumstances, we do not view the companion's identification as "arranged by the authorities" *(People v Whitehead,* 154 County (Allen Alpert, J.), rendered March 24, 1988, by which tion was "spontaneous," and as such, properly admitted *(People v Mack,* 116 AD2d 593). In any event, the prompt, on the scene identification by the companion was permissible showup identification *(People v Love,* 57 NY2d 1023).

The record indicates that the People complied with Penal Law § 450.10 by delivering written notice of the intended release of the victim's purse. Defendant has failed to demonstrate that he received ineffective assistance of counsel arising from the purported failure of counsel to serve notice of defendant's intent to testify before the Grand Jury, nor has he demonstrated an abuse of discretion in the court's *Sandoval* ruling, which permitted inquiry into fewer than half of defendant's previous convictions. Concur—Milonas, J. P., Ellerin, Asch and Rubin, JJ.