■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

CHARLES BROWN, Appellant.—Judgment, Supreme Court, Bronx County (Irene J. Duffy, J.), rendered April 4, 1990, convicting defendant, after jury trial, of robbery in the third degree, and sentencing him, as a second felony offender, to a term of imprisonment of 2½ to 5 years, unanimously affirmed.

Defendant's conviction arises out of his arrest for forcibly taking a purse and personal belongings therein from the person of a complainant who died from an unrelated cause prior to the hearing and trial herein. The robbery was witnessed by the complainant's 11 year old son, who was walking with his mother at the time in question.

The hearing court properly ruled that the street showup identification of defendant, not handcuffed or in any manner physically restrained by the two plainclothes officers who had apprehended him in the vicinity shortly after the incident was not made in unduly suggestive circumstances *(see, e.g., People v Duuvon,* 77 NY2d 541). In addition, as the hearing court noted, there was ample opportunity for independent source identification, as the eyewitness had observed defendant as he approached the victim, at close range during the robbery, and during the pursuit that followed *(see, People v Rodriguez,* 64 NY2d 738, 740).

Despite extensive cross-examination attempting to discredit the eyewitness's identification of defendant, that witness steadfastly testified that he recognized defendant as the robber both at the showup and in court, by his clothing, his beard, his moustache, and his skin color. Considering this strong identification testimony, as well as the trial court's explicit instructions to the jury regarding, *inter alia,* evaluation of competent evidence, credibility determinations, and burden of proof, there is no basis to disturb the jury's determination that the identification of defendant as the perpetrator was established beyond a reasonable doubt *(see, People v Baker,* 168 AD2d 297, *lv denied* 77 NY2d 903).

We have considered defendant's additional claims and find them to be unpreserved for appellate review as a matter of law. Were we to review, we would find them to be without merit. Concur—Milonas, J. P., Rosenberger, Ross and Kassal, JJ.