■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERNAN LOPEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Corrado, J.), rendered January 8, 1991, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find unavailing the defendant's contention that the prosecutor's summation denied him the right to a fair trial *(see, People v Velez,* 184 AD2d 539 [decided herewith]; *People v Roopchand,* 107 AD2d 35, *affd* 65 NY2d 837).

In addition, the defendant was not deprived of his right to a public trial when the trial court closed the courtroom during the testimony of the undercover officer. A full hearing was held, after which the trial court concluded that closure of the courtroom was necessary in order to protect the safety of the undercover officer and his partners. Inasmuch as ample evidence was adduced to support the court's determination, we discern no basis for disturbing its conclusion *(see, People v Jones,* 47 NY2d 409, *cert denied* 444 US 946; *People v Richards,* 157 AD2d 753, *affd* 77 NY2d 969).

The sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80). Thompson, J. P., Bracken, Sullivan and Miller, JJ., concur.