■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL THOMAS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered April 9, 1991.

Ordered that the appeal is dismissed *(see, People v Seaberg,* 74 NY2d 1). Bracken, J. P., Sullivan, Harwood, Rosenblatt and Copertino, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE VELEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Corrado, J.), rendered November 26, 1990, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the prosecutor's summation did not constitute reversible error *(see, People v Roopchand,* 107 AD2d 35, *affd* 65 NY2d 837). Of the challenged comments by the prosecutor which have been preserved for appellate review, we find that most were within the bounds of permissible rhetorical comment *(see, People v Ramos,* 168 AD2d 359, 360; *People v Allen,* 121 AD2d 453, 454, *affd* 69 NY2d 915), and constituted fair responses to the suggestions of police misconduct by the defendants *(see, People v Colonna,* 135 AD2d 724). In any event, the trial court sustained virtually all of the defendant's objections, and gave curative instructions where it deemed appropriate. The defendant failed to seek further curative instructions, and the drastic remedy of a mistrial was not warranted in this case *(see, People v Santiago,* 52 NY2d 865). Thompson, J. P., Bracken, Sullivan and Miller, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUBEN VELEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Huttner, J.), rendered November 24, 1986, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted *(see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Balletta, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur.