■ In the Matter of DARRYL G., a Person Alleged to be a Juvenile Delinquent, Respondent.—Order of disposition, Family Court, New York County (Rhoda J. Cohen, F.C.J.), entered November 9, 1989, which adjudicated appellant a juvenile delinquent upon a finding that he committed acts which, if committed by an adult, would have constituted the crimes of robbery in the first degree, robbery in the second degree, criminal use of a firearm in the first degree, criminal possession of a weapon in the fourth degree, and criminal possession of stolen property in the fifth degree, and placed him in the Division for Youth, Title III, for 18 months, unanimously affirmed, without costs.

The identification of appellant near the scene of the crime was spontaneous rather than police arranged, and was admissible *(People v Melette,* 176 AD2d 480, *lv denied* 79 NY2d 861). Moreover, prompt, on-the-scene identifications by witnesses following a defendant's arrest at or near the crime scene have been generally allowed and never categorically or presumptively condemned *(People v Duvvon,* 77 NY2d 541, 544). It bears noting that appellant was identified within minutes of

the crime, that he was not handcuffed, that the police officer did not have his gun drawn, and that the circumstances of the showup were not otherwise suggestive *(see, People v Brown,* 181 AD2d 615).

The inconsistencies in the victim's testimony were minor and did not render the court's factual findings "manifestly erroneous" or "plainly unjustified" as argued by defendant *(People v Vasquez,* 166 AD2d 194, 195, *lv denied* 77 NY2d 845). Viewing the evidence in a light most favorable to the presentment agency and giving it the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), there is no merit to appellant's argument that the evidence was insufficient as a matter of law to support his guilt beyond a reasonable doubt. The victim viewed appellant during the robbery for three and one-half minutes in a well-lighted area and made a prompt identification.

Appellant's claim that the evidence presented did not support the order for restrictive placement has been rendered moot by appellant's completion of the period of confinement directed in the dispositional order *(Matter of Leonardo Q.,* 171 AD2d 563), and, in any event, is without merit, in view of appellant's arrest subsequent to the hearing, his recurrent truancy problems, and his need for additional supervision (Family Ct Act § 353.5). Concur—Murphy, P. J., Carro, Ellerin, Kassal and Rubin, JJ.