■ The People of the State of New York, Respondent, v Leroy Kirkland, Appellant. [596 NYS2d 689] —Judgment, Supreme Court, Bronx County (Ivan Warner, J.), rendered May 3, 1989, convicting defendant, after a jury trial, of robbery in the first degree and robbery in the second degree (two counts), and sentencing him, as a persistent violent felony offender, to concurrent terms of 12 years to life, 8 years to life, and 8 years to life, respectively, unanimously affirmed.

Defendant has failed to overcome the strong presumption of competent representation by demonstrating a reasonable probability that but for counsel error the result of the proceeding would have been different *(People v Diaz,* 157 AD2d 569, *lv denied* 76 NY2d 733). Here, the supposed errors are merely listed in conclusory fashion and indicate nothing more than "simple disagreement with the strategies employed" *(People v Grigas,* 185 AD2d 245, 246, *lv denied* 80 NY2d 930). Moreover, upon a review of the record, it is clear that counsel moved for and conducted the appropriate hearings, cross-examined the witnesses and delivered a summation consonant with the defense strategy that defendant had been mistakenly identified, and made appropriate objections.

The victim's identification testimony of defendant while

handcuffed was properly admitted, it being undisputed that she backed up her car to where defendant and the police officers were standing, exited, and spontaneously pointed defendant out as the perpetrator (see, People v Melette, 176 AD2d 480, lv denied 79 NY2d 861; Matter of Darryl G., 184 AD2d 204). In any event, since the entire episode was one unbroken chain of events all taking place within minutes and within a few blocks, such identification would have been admissible even if the showup had been arranged by the police (see, People v Duuvon, 77 NY2d 541, 544-545).

In light of defendant's prior convictions, his commission of a previous crime while on parole and his conviction of the present offense only 12 days after being paroled from a previous sentence, we find that the sentence imposed was not an abuse of discretion.

We have considered defendant's other contentions and find them either unpreserved or without merit. Concur—Carro, J. P., Kupferman, Kassal and Rubin, JJ.