■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHIL ARENSTEIN, Appellant. [597 NYS2d 29] —Judgment, Supreme Court, New York County (John A.K. Bradley, J.), rendered December 10, 1990, convicting defendant of criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [2]), and sentencing him to a 5-year term of probation, conditioned upon the completion of 200 hours of community service, unanimously reversed, on the law, defen-

dant's motion to suppress is granted, and the indictment dismissed. The matter is remitted to the trial court for the purpose of entering an order in favor of the accused pursuant to CPL 160.50, not less than 30 days after service of a copy of this Court's order upon the respondent, with leave during this 30-day period to respondent to move and seek any further stay of the implementation of CPL 160.50 as in the interest of justice is required.

By Indictment No. SN13158/89, filed November 2, 1989, defendant was charged with the crime of criminal possession of a controlled substance in the fourth degree. The charge arose from a September 15, 1989 police seizure of envelopes dropped by defendant as he attempted to place them in the back of his waistband during a conversation with a police officer. The officer picked up and examined the contents of one of the envelopes, which appeared to be cocaine. Defendant was placed under arrest after a brief struggle. On appeal, defendant urges that the police were without probable cause to search his envelopes, and that his motion to suppress should, accordingly, have been granted. We agree.

The basis for the police officer's approach of defendant, who was in the George Washington Bridge Port Authority Bus Terminal, was information the officer had received during an arrest of one Anthony Werner at the same bus terminal on the previous day, September 14, 1989. Werner, who was charged with drug possession, told the officer that the drugs belonged to a friend of his, and that he was merely transporting them to New Jersey. Upon being questioned further, Werner disclosed defendant's name, which the officer recognized from a prior arrest and subsequent encounters.

After greeting defendant on September 15, the officer inquired whether he knew Anthony Werner. This caused defendant to become visibly "upset" and "nervous". He told the officer that Werner had been spreading false rumors about him, and demanded that the officer leave him alone. It was during this exchange that defendant, while backing away from the officer as he tried to hide the drugs in his waistband, dropped 9 or 10 white mailing envelopes. The challenged search ensued. Following the denial of his motion to suppress, defendant entered a plea of guilty, and was sentenced as noted above.

On this record, we conclude that the police were without probable cause to search defendant's envelope. The previous day's self-serving claim by Werner that defendant had given

him drugs, which Werner made in an attempt to exculpate himself, could not, absent independent corroboration or proof of previous reliability, supply the necessary predicate for the search (see, *People v Cassella,* 143 AD2d 192, 194-195; *People v Watson,* 109 AD2d 409, 411-412). Nor does this record support a finding that defendant behaved in a manner which revealed furtive or evasive behavior as the encounter unfolded (see, e.g., *People v Leung,* 68 NY2d 734, 736).

We further note that the envelopes in question were not of the type commonly utilized for illegal drugs and, indeed, were ordinary white mailing envelopes (see, *People v McRay,* 51 NY2d 594, 604; *People v Ramos,* 168 AD2d 359, *lv denied* 77 NY2d 910). Finally, defendant's dropping of the envelopes cannot be interpreted as abandonment, since the record clearly establishes that it was accidental and unintended (cf., *People v Boodle,* 47 NY2d 398, 404, *cert denied* 444 US 969; *People v Torres,* 115 AD2d 93, 99).

For all of these reasons, the police lacked probable cause to open and examine the contents of defendant's envelope, and the motion to suppress should have been granted. In light of this determination, we do not reach defendant's remaining argument on appeal. Concur—Rosenberger, J. P., Ellerin, Ross, Asch and Kassal, JJ.