■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY SANDERS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered December 21, 1973, convicting him of criminally selling a dangerous drug in the third degree, criminal possession of a dangerous drug in the fourth degree and criminal possession of a dangerous drug in the sixth degree (two counts), upon a jury verdict, and imposing sentence. Judgment reversed, on the law and the facts, and indictment dismissed. The two police officers in this case, known in the community as Batman and Robin, testified in substance that on September 2, 1971, while observing defendant for about one-half hour through binoculars from the roof of a 16-story building some 200 yards away, they observed "numerous people" approach defendant, who was sitting at a bench and game table in the middle of St. Johns Park in Brooklyn; those people engaged him in conversation. They saw defendant take a cigarette pack from the bench, remove articles therefrom which appeared to be glassine envelopes and "hand them to these different people in exchange for what" the officers believed to be United States currency. The officers then left the roof and went to entrances to the park; on a prearranged signal, when they saw someone else approach defendant, they entered the park and walked toward him. As they neared defendant, they saw him hand the approaching man a glassine envelope containing a white powdery substance; at that time they were "less than 10 feet away"; they approached defendant, searched him

and found a cigarette pack in his pocket with nine glassine envelopes containing white powder which, upon analysis by the police laboratory, were found to contain heroin. The arresting officer also testified that as he was approaching he saw currency passed and retrieved it, a five dollar bill. He also testified that he found defendant in possession of additional moneys besides the five dollar bill, but only recorded that bill; he had no way of knowing how much currency the defendant otherwise possessed. The alleged purchaser was one Williams. Standing alone, that testimony would suffice to warrant affirmance of the judgment of conviction. However, on cross-examination, the arresting officer's partner had first testified that he did not know whether he still had the binoculars but then claimed that he did not have them because they were stolen from his car. He also admitted that, as he approached defendant, the latter was looking straight at him. The arresting officer admitted that during his questioning before the Grand Jury he had never told that body anything about the alleged one-half hour surveillance from the rooftop. His brother officer likewise had failed to give any such information to the Grand Jury. The arresting officer also admitted that, in telling the Assistant District Attorney what had transpired, he had failed to tell him about the alleged prior rooftop observations. His brother officer said that he was not sure whether he had conveyed that information to the District Attorney, but thought that he had. It is undisputed that both the defendant and Williams knew the arresting officers as Batman and Robin by reason of the fact that they had made numerous arrests in that very park. Considering all of the testimony in the record—the failure to disclose the rooftop observations, the undeniable fact that defendant saw the police officers approach him, knowing them to be such, but nevertheless went ahead with the sale of a glassine envelope of heroin for five dollars openly in front of them, an action which only a moron would have committed—we can only conclude that the totality of the proof did not warrant finding the defendant guilty beyond a reasonable doubt (cf. *People v Garafolo*, 44 AD2d 86, 88). The judgment should therefore be reversed and the indictment dismissed. Rabin, Acting P. J., Martuscello and Shapiro, JJ., concur; Cohalan and Brennan, JJ., dissent and vote to affirm the judgment.