■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD DEAS, Appellant.—Judgment, Supreme Court, New York County (Edward McLaughlin, J., at hearing, plea and sentence), rendered October 29, 1987, convicting defendant, upon a plea of guilty, of criminal possession of a controlled substance in the second degree and sentencing defendant to six years' to life imprisonment, unanimously affirmed.

The record fully supports the hearing court's denial of the suppression motion. The court found the police officers to be credible, and we reject defendant's contention that the officers' testimony was incredible as a matter of law.

Both officers testified on direct that they were on "vertical patrol" in the building at the time they encountered defendant. While one of the officers testified on direct that they were looking for a robbery suspect and the other officer only acknowledged this fact on cross-examination, the credibility of the latter officer's testimony is not thereby undermined. The two explanations for the police presence are not mutually exclusive. Further, the court offered a reasonable explanation for what it referred to as a "change" in the latter officer's testimony.

As to the testimony regarding a "Five-O" alert sounded by the building occupants to signal the presence of the police in the building, there was no testimony that this signal continued until the officers reached the fifth-floor hallway where they encountered defendant. In any event, the fact that there is no readily apparent explanation for defendant's presence in the hallway shortly after the alert does not render the testimony that defendant appeared carrying in his hand a plastic bag with 78 vials of crack incredible as a matter of law. We reject defendant's suggestion that the crack was on the table in the apartment at all times and that the officers fabricated testimony that they observed defendant in the hallway carrying the bag containing crack. While defendant ran "through the apartment" and "right into the bathroom", there was testimony that the table was between the front door and the bathroom.

We have also reviewed defendant's excessive sentence claim and find it to be without merit. Concur—Ross, J. P., Asch, Milonas, Ellerin and Wallach, JJ.