■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL LOZADO, Also Known as RAPHAEL LOZADA, Also Known as RAPHAEL LOSADA, Also Known as ALANZO BIENVEN-

IDO, Appellant.—Judgment, Supreme Court, New York County (Richard Carruthers, J.), rendered April 27, 1988, convicting defendant, after jury trial, of criminal possession of a controlled substance in the third degree, and sentencing defendant to 1 to 3 years, unanimously affirmed.

Defendant, charged by indictment with criminal possession of a controlled substance in the third degree, was convicted of that charge after jury trial. The conviction was based upon the testimony of two police officers who, while stationed on the roof of a six-story building, observed, without the aid of binoculars or other devices, the defendant exchanging what appeared to be tinfoil packets for money, in three separate transactions. Two of the persons who completed transactions with defendant were apprehended. One of these persons was found in possession of two tinfoil packets containing cocaine, while the vehicle of the other individual contained a residue of cocaine. Defendant was then arrested. Three tinfoil packets of cocaine were discovered in his jacket pocket.

Defendant contends that the evidence supported only a conviction for simple possession, as opposed to possession with intent to sell. In this regard, defendant contends that the officers could not have possibly observed the drug transactions since their vantage point was too distant to permit accurate observation by the unaided eye, and that their identification of defendant as a seller of narcotics should be rejected as a matter of law.

We reject defendant's contention that the officers' testimony was incredible as a matter of law. (People v Quevedo, 156 AD2d 265; People v Deas, 156 AD2d 140.) It is well established that it is the function of the jury to evaluate the credibility of witnesses. (People v Parks, 41 NY2d 36, 47.) The jury's conclusions are clearly supported by the record, and there is no doubt that in light of the unimpeached testimony of the police officers, defendant's conviction was not against the weight of the evidence. It suffices to note that the accuracy of the officers' lengthy observations of the defendant was borne out by the fact that backup officers were readily able to identify defendant based on their radioed description, as well as by defendant's possession of additional quantities of cocaine. Concur—Kupferman, J. P., Asch, Ellerin and Smith, JJ.