(October 23, 1990)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAUL VANEIKEN, Appellant.—Judgment, Supreme Court, Bronx County (David Stadtmauer, J., at suppression hearing, plea and sentence), rendered June 6, 1989, convicting defendant of criminal possession of a controlled substance in the second degree and sentencing him to an indeterminate term of imprisonment of from six years to life, unanimously affirmed.

Defendant pleaded guilty after his motion to suppress physical evidence was denied. The evidence at the suppression hearing established that the livery car in which defendant was a passenger was stopped after the police had observed a traffic infraction. When the driver turned on the interior lights at the direction of the police, the officer observed defendant, seated in the rear passenger compartment, crouched forward, trying to secrete, under the front seat, a clear plastic bag which the officer, based on his experience, believed to be a quantity of cocaine (subsequent analysis revealed that the bag contained one-half pound of cocaine). Defense counsel did not challenge the officer's conclusion that the bag contained cocaine; nor does he do so on appeal. Rather, defendant argues that the police officers lacked a legitimate reason for stopping the cab and the incredibility of the officers' testimony.

We reject defendant's contention that the officers' testimony was incredible or patently tailored to overcome constitutional objections. *(Cf., People v Garafolo,* 44 AD2d 86.) A hearing court's findings of fact are entitled to great weight *(People v Falciglia,* 153 AD2d 795, *affd* 75 NY2d 935), and our review of the record does not warrant a substitution of this court's factual determinations for those of the hearing court *(cf., People v Burke,* 146 AD2d 706, *lv denied* 73 NY2d 1012). The hearing court was in the best position to determine credibility and there is nothing inherently incredible in the officers' version of the incident.

As this record discloses, the officers' conduct was proper throughout the encounter. The stop was justified by the traffic infraction *(People v Ingle,* 36 NY2d 413, 419), the direction to the driver to turn on the interior lights was reasonable *(People v Miller,* 52 AD2d 425, *affd* 43 NY2d 789; *People v David L.,* 56 NY2d 698, *cert denied* 459 US 866), and the seizure of the plastic bag was supported by probable cause *(People v McRay,* 51 NY2d 594). Concur—Murphy, P. J., Sullivan, Carro and Milonas, JJ.