■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHAN JONES, Appellant.—Judgment, Supreme Court, New York County (Bernard Fried, J., at hearing; Herbert J. Adlerberg, J., at plea and sentence), rendered June 28, 1989, convicting defendant of criminal possession of a weapon in the third degree and sentencing him, as a predicate felon, to an indeterminate term of imprisonment of from 2½ to 5 years, unanimously affirmed.

Defendant, who was seated near the front of a movie theatre, was arrested by police officers after a theatre employee identified defendant as one of the persons who had been smoking marihuana. At the time the identification was made, defendant was about to light a long, thin cigarette which one of the officers described as a "joint".

We agree with the suppression court that the motion to suppress additional quantities of marihuana, two handguns, and a statement made by defendant at the time of his arrest was properly denied.

A hearing court's findings of fact are entitled to great weight (People v Falciglia, 153 AD2d 795, affd 75 NY2d 935), and this court will not, without good reason, find a police officer's testimony incredible or patently tailored to overcome constitutional objections (see, e.g., People v Vaneiken, 166 AD2d 308; People v Rodriguez, 164 AD2d 824).

Many of the "inconsistencies" in the testimony noted by defendant are, in fact, inconsequential. Clearly, the officer could locate defendant in the theatre without a description since the officer was accompanied by a manager who identified the defendant to the officer. Therefore, the officer's testimony was not incredible as a matter of law.

Accordingly, we find that denial of defendant's motion was proper. Concur—Kupferman, J. P., Ross, Rosenberger, Asch and Wallach, JJ.