■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD ELLIS, Appellant.—Judgment of the Supreme Court, New York County (Eugene Nardelli, J., at *Mapp/Huntley* hearing; Richard Lowe III, J., at adjournment; Paul Bookson,

J., at plea and sentence), rendered on October 28, 1988, after a plea of guilty, convicting defendant of criminal possession of a controlled substance in the third degree, and sentencing him to an indeterminate term of imprisonment of 4½ to 9 years, unanimously affirmed.

On September 30, 1986, the defendant and two others were observed by the arresting officer, leaving a limousine and walking up to a car parked in a parking lot on the corner. The officer testified, that the three men, who were facing him, were urinating by the car. As he approached, he briefly saw what appeared to be a "tennis ball" shaped bag of white powder held by the defendant, and money held by another man. When the officer shouted "stop," two of the men fled, but defendant remained, placing the bag of white powder in his pocket. The officer pulled the bag out of the defendant's pocket by grabbing the portion of it that was sticking out of the defendant's pocket. A police lab analysis showed the contents to be that of cocaine.

The *Mapp/Huntley* hearing was held. Defense counsel asserted that the officer's testimony was incredulous and fabricated to avoid any contentions that the defendant's Fourth Amendment rights were violated. The court found the officer's testimony to be credible, and the search and arrest based on probable cause.

The hearing court properly found that police conduct reasonable and the officer's testimony credible. On this record, we find no reason to interfere with its findings. A hearing court's findings are entitled to a high degree of deference *(People v Falciglia,* 153 AD2d 795, *affd* 75 NY2d 935), and on our review of the record, we do not find the officer's testimony to be inherently incredible *(People v Vaneiken,* 166 AD2d 308). Concur—Murphy, P. J., Milonas, Ross and Asch, JJ.