■ The People of the State of New York, Respondent, v George Adams, Appellant.—Judgment of the Supreme Court, New York County (Juanita Bing Newton, J.), rendered July 26, 1989, convicting defendant upon his plea of guilty of criminal possession of a controlled substance in the second degree, and sentencing him to an indeterminate term of imprisonment of seven years to life, unanimously affirmed.

On September 12, 1988, an undercover police officer purchased a kilogram of cocaine at a grocery store in Kings County. Defendant was in the store during the sale. Later, when back-up officers approached the premises to effectuate arrests, defendant, who had stationed himself outside of the store, ran inside and threw down a clear plastic bag before he was apprehended at the rear of the premises. The clear plastic bag contained cocaine. A second bag containing cocaine was found after a search of defendant's person.

The order denying suppression of the bag and its contents should be affirmed. The hearing court's conclusion that defen-

dant abandoned a clear plastic bag is supported by the record. The officers who converged on the grocery were acting on the knowledge that a drug transaction had occurred inside the premises. The bare fact that defendant chose to run inside and to throw down a bag at the arrival of the police does not show that the officers had improperly targeted him. There was no interaction between the police and defendant until after he betrayed his guilty conscience. *(Compare, People v Leung,* 68 NY2d 734, 736, *with People v Howard,* 50 NY2d 583, 587.) Moreover, the officers had an articulable basis for approaching defendant. He had been inside the grocery when the drug deal had been transacted. *(People v De Bour,* 40 NY2d 210, 223; *see, People v Ortiz,* 103 AD2d 303, 306, *affd* 64 NY2d 997.) Concur—Sullivan, J. P., Ellerin, Wallach, Ross and Smith, JJ.