■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v QUINCY SMITH, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Corriero, J.), rendered October 18, 1988, convicting him of attempted criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the evidence adduced at the hearing established that the police had probable cause to arrest him. The testimony revealed that the arresting officer observed the defendant in a Brooklyn housing project carrying what appeared to be a weapon in his right hand. The officer followed the defendant, identified himself as a police officer and called for the defendant to stop. The defendant continued walking away and the officer lost sight of his arms. The officer caught up to the defendant and grabbed his right arm and the left side of his waist. At this point, the officer heard something fall to the ground and felt a hard object in the defendant's jacket pocket. The officer reached into the defendant's jacket pocket and removed a gun. As a result of a further search, the officer recovered an "extra clip" for the weapon containing twelve rounds of ammunition. The object which had fallen to the ground was determined to be a walkie-talkie. It was this walkie-talkie that the officer had actually seen the defendant carrying in his right hand and not a firearm as originally believed.

The hearing court correctly concluded that the officer acted properly in approaching the defendant, having observed the defendant carrying an object which he reasonably believed to be a weapon (see, People v McCary, 173 AD2d 856; see generally, People v Ingle, 36 NY2d 413, 416-417). The officer had probable cause to search the defendant's pocket upon feeling the bulge therein (see, People v Ennis, 158 AD2d 467).

The hearing court was made aware of inconsistencies between the police officer's testimony and the defendant's testimony which presented issues of credibility. The suppression court's resolution of issues of credibility is entitled to great weight on appeal and will not be disturbed here since it is supported by the record (see, People v Prochilo, 41 NY2d 759; People v Rose, 159 AD2d 600).

The record does not support the defendant's claim that the officer's testimony was patently tailored to nullify constitutional objections (see, People v Ennis, supra, at 469). Bracken, J. P., Sullivan, Lawrence and Ritter, JJ., concur.