■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON GRUILLON, Appellant.—Judgment, Supreme Court, Bronx County (Lawrence J. Tonetti, J.), rendered November 16, 1990, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree, and sentencing him, as a predicate felony offender, to a term of imprisonment of 6 years to life, unanimously affirmed.

Defendant contends that the police officers' testimony at the suppression hearing was incredible as a matter of law, and that the People therefore failed to meet their burden of going forward to show the legality of the police conduct. We find

that the hearing court's findings of fact, crediting the officers' testimony, are not so " 'manifestly erroneous' " or " 'plainly unjustified' " by the record as to warrant reversal *(People v Vasquez,* 166 AD2d 194, 195, *lv denied* 77 NY2d 845, quoting *People v Garafolo,* 44 AD2d 86, 88). The evidence supports the court's findings that the officers legitimately stopped the car in which defendant was a passenger because it was travelling without its headlights; that upon approaching with flashlights, the officer who went to the passenger side of the car observed a package in defendant's lap which, from his experience as a police officer, he recognized as a "brick" or kilo of cocaine; that when the officer alerted his partner to the presence of the drugs, defendant attempted to get out of the car; and that the officers restrained him and recovered the package. The hearing court's findings are entitled to great weight *(People v Falciglia,* 153 AD2d 795, *affd* 75 NY2d 935), and there is no basis in the record to conclude that the officers' testimony was fabricated *(People v Rodriguez,* 164 AD2d 824, *lv denied* 76 NY2d 943), or conveniently tailored to overcome constitutional objections *(People v Vaneiken,* 166 AD2d 308). Concur—Milonas, J. P., Rosenberger, Ellerin and Asch, JJ.