■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WILLIAMS, Also Known as JAMES ROBERTS, Appellant.— Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (Pesce, J.), dated January 3, 1989, which denied his motion pursuant to CPL 440.10, which was to vacate a judgment of the same court (Composto, J.), rendered April 3, 1975, which, as modified by this court (see, People v Williams, 57 AD2d 850), convicted him of attempted murder of a police officer and criminal possession of a weapon as a felony, upon a jury verdict.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered January 6, 1989, convicting him of criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Rienzi, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The evidence adduced at the pretrial suppression hearing established that on November 19, 1987, at approximately 2:00

A.M., two police officers, while on routine patrol, noticed a disturbance in front of a building located in Brooklyn. As they entered the lobby of the building with the intention of telling the individuals inside to quiet down, the door of an apartment on their left opened up and an unidentified male was pushed out of the doorway by the defendant. The defendant was standing in the open doorway holding what appeared to the officers to be a gun. From their vantage point in the lobby, the officers were also able to observe what appeared to them to be vials of crack cocaine on top of a table two to three feet inside the apartment. The defendant was then arrested inside the apartment. The police recovered 84 vials of crack cocaine, approximately 100 additional empty vials, and United States currency. The defendant contends that the court improperly credited the testimony of the police officers and should have granted suppression of the physical evidence recovered in the apartment. We disagree.

Although there are minor inconsistencies in the testimony of the police officers, the hearing court's resolution of issues of credibility is entitled to great weight on appeal and will not be disturbed here since it is supported by the record (see, People v Prochillo, 41 NY2d 759; People v Smith, 182 AD2d 786). The evidence, which was properly credited by the court, was sufficient to establish that the police had probable cause to arrest the defendant and to seize the contraband without first securing a search warrant (see, People v Clements, 37 NY2d 675, cert denied sub nom. Metzger v New York, 425 US 911). Accordingly, suppression was properly denied. Harwood, J. P., Rosenblatt, Ritter and Pizzuto, JJ., concur.