■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON MURRELD, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pesce, J.), rendered April 12, 1991, convicting him of attempted criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Douglass, J.), of that branch of defendant's omnibus motion which was to suppress physical evidence and statements made by the defendant to law enforcement officials.

Ordered that the judgment is affirmed.

The arresting plainclothes officer was the sole witness at the suppression hearing. He testified that he saw one of two men

he and his partner had had under observation from their unmarked police car remove a "large handgun" from his waistband and pass it to the other man, the defendant, who placed the weapon in his own waistband. The officer estimated that he was about 30 to 40 yards away when he witnessed the transfer, which occurred in daylight at 7:00 P.M. on a July evening. The two men walked past the police car, and the officers attempted to turn their car to follow but became ensnared in traffic. The two men then "recognized" the officers as being police officers. The arresting officer, who was in the passenger's seat, exited the car and, with his gun drawn, pursued the defendant. During the course of the brief chase the defendant tossed a revolver in the air. The revolver was thereafter recovered. Upon his arrest, the defendant made spontaneous incriminating statements.

We disagree with the defendant that the hearing court's determination to deny suppression was erroneous. Under the conditions described by the witness, 30 to 40 yards was not, on its face, an impossibly long distance between the defendant and the officer for the officer to see the defendant take possession of a handgun. This observation constituted a sufficient, objectively credible reason for him to believe that criminal activity was afoot, and justified his response (see, People v Hollman, 79 NY2d 181; People v Leung, 68 NY2d 734, 736; People v De Bour, 40 NY2d 210, 223). The defendant contends that there were inconsistencies in the testimony adduced at the hearing pointing to the fact that the officer fabricated his story to overcome constitutional problems. Further, the defendant claims that the actual basis for the seizure was a bare radio report of a "man with a gun" in the vicinity, which was an insufficient predicate for the seizure. However, the officer denied this assertion at the hearing, and we find that the record supports the court's conclusion that the radio report likely resulted from a citizen caller's observation of the very events the officer described.

In sum, since the court's determination ultimately turned on the credibility of the witness and the reasonableness of his testimony, there is no reason to disturb the suppression court's rulings (see, People v Prochilo, 41 NY2d 759; People v Diaz, 170 AD2d 618; People v Carter, 166 AD2d 540). Balletta, J. P., O'Brien, Ritter and Copertino, JJ., concur.