■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROLAND HARRIS, Appellant.—Judgment, Supreme Court, New York County (Rose L. Rubin, J.), rendered March 27, 1991, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fifth degree and sentencing him as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

The hearing court found that during a routine tour of duty in the early morning hours, uniformed officers in a patrol car observed defendant counting money in a crowd gathered at an intersection known for a high level of drug activity. The crowd suddenly dispersed and defendant alone walked down a residential side street. Without discussing what course of action to take, the officers followed defendant by proceeding down the wrong way of the street, and pulled over to the curb alongside him. When the officers then got out of their patrol car, defendant threw something to the ground, which was at once recovered and turned out to be 20 vials of crack cocaine. Defendant was then placed under arrest. No weapons were drawn.

There is no reason to disturb the fact finding of the hearing court *(see, People v Prochilo,* 41 NY2d 759, 761), nor was the testimony presented by the arresting officer, the sole testifying witness, "inherently incredible or improbable" *(People v Samuels,* 68 AD2d 663, 666, *affd* 50 NY2d 1035). On these facts, there was no impropriety in the police approach *(People v Howard,* 50 NY2d 583, 589-590, *cert denied* 449 US 1023) and recovery of the vials upon defendant's abandonment of them *(People v Butler,* 184 AD2d 305). Thus, any statements spontaneously made at the precinct were not the fruit of unlawful police conduct. Concur—Carro, J. P., Wallach, Ross and Asch, JJ.