■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK SMITH, Appellant.—Judgment, Supreme Court, New York County (Howard Bell, J.), rendered May 24, 1990, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree, and sentencing him as a second felony offender to a term of from 4½ to 9 years, unanimously affirmed.

Defendant contends that the police officer's testimony at the suppression hearing was incredible as a matter of law, and that it is implausible that the police stopped the car in which defendant was a passenger solely to issue a summons for littering, after one of the officers observed a great deal of garbage thrown from the rear window. We find that the hearing court's findings of fact, crediting this testimony, are not so "manifestly erroneous" or "plainly unjustified" by the record as to warrant reversal *(People v Garafolo*, 44 AD2d 86, 88). Indeed, the evidence supports the court's findings that the officers stopped the car because of this observation, and that, upon approaching with their flashlights, the butt of a gun was observed on the back seat between defendant and a second passenger. There is no basis in the record to conclude that the officers' testimony was fabricated *(People v Gruillon*, 182 AD2d 580, *lv denied* 80 NY2d 832), or conveniently tailored to overcome constitutional objections *(People v Vaneiken*, 166 AD2d 308).

We also find that, to the extent defendant's *pro se* claim of ineffective assistance of counsel at the suppression hearing may be reviewed upon the record, it is meritless *(see, People v Satterfield*, 66 NY2d 796). Concur—Carro, J. P., Ellerin, Kupferman, Kassal and Rubin, JJ.