■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL SMITH, Appellant.—Judgment, Supreme Court, New York County (Edward J. McLaughlin, J., at hearing; Ira Beal, J., at plea and sentence), rendered April 23, 1991, convicting defendant of attempted criminal possession of a weapon in the third degree and sentencing him, as a predicate felon, to an indeterminate term of four years to life, unanimously affirmed.

Defendant was a passenger in a livery cab that had been stopped for running a red light. As two officers approached, one of them observed a clear glassine ziplock bag, which, from his training, he believed contained marijuana, being tossed from the rear driver's side of the cab where a passenger, not defendant, was seated. The officer also smelled the odor of marijuana coming from the back seat. The officer on the other side of the taxicab observed defendant in the right rear with a bulge under his shirt, and as defendant, at the direction of the first officer, slid over to the other side of the cab to exit, saw him reach for his waistband. As defendant emerged from the cab with the barrel of a drawn .44 caliber magnum revolver in his hand pointed downward, the officer on his side of the cab grabbed the barrel. Defendant argues that the officers' testimony, especially the account of the tossing of the marijuana bag, was tailored to meet constitutional objections.

The motion to suppress the weapon seized was properly denied. "A hearing court's findings of fact are entitled to great weight * * * and this court will not, without good reason, find a police officer's testimony incredible or patently tailored to overcome constitutional objections." (People v Jones, 168 AD2d 370, lv denied 77 NY2d 907 [citation omitted].) No such reason exists here.

Once the police saw the gun in defendant's hand they had probable cause to arrest him and seize the weapon, and the hearing court properly denied its suppression. Concur—Sullivan, J. P., Wallach, Kupferman and Kassal, JJ.