■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS OLIVO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldenberg, J.), rendered November 15, 1990, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the fifth degree, upon a jury verdict, and sentencing him to concurrent indeterminate terms of 12½ to 25 years imprisonment for criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and 3½ to 7 years imprisonment for criminal possession of a controlled substance in the fifth degree. The appeal brings up for review the denial, after a hearing (Egitto, J.), of that branch of the defendant's omnibus motion which was to suppress evidence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence to concurrent indeterminate terms of 8½ to 17 years imprisonment for criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree; as so modified, the judgment is affirmed.

While on patrol as a member of the street narcotics enforcement unit, the arresting officer observed the defendant pass an object to another male after receiving money from him. The officer approached the men and announced that he was a police officer. As he grabbed the defendant's companion and saw a vial in his hand, the arresting officer also noticed the

defendant drop three vials containing "a white rock-like substance", later determined to be crack cocaine, near his feet. An additional 26 vials containing crack cocaine were recovered from the defendant when he was searched after being arrested. The defendant moved to suppress the vials, arguing that the arresting officer could not have recognized the substance in the vials as crack cocaine, and therefore, lacked probable cause to arrest him.

On appeal, the defendant challenges the determination of the hearing court, now claiming that the arresting officer's testimony was incredible and not worthy of belief. The defendant's claim is without merit. The hearing court's determinations as to credibility are afforded great weight on appeal and should not be disturbed unless clearly unsupported by the evidence *(see, People v Prochilo,* 41 NY2d 759; *People v Boone,* 183 AD2d 721). Here, we find no basis to disturb the hearing court's determination to credit the arresting officer's testimony at the suppression hearing. Further, the hearing court also properly determined that the arresting officer's observations gave rise to his common-law right of inquiry *(see, People v De Bour,* 40 NY2d 210). Once he saw the defendant drop the three vials, the arresting officer had probable cause to arrest him *(see, People v Goggans,* 155 AD2d 689, 690).

The defendant's sentence was excessive to the extent indicated. Balletta, J. P., Eiber, O'Brien and Santucci, JJ., concur.