■ STANDARD CHARTERED BANK, Respondent, v MENACHEM PRI-HAR, Appellant. [610 NYS2d 773] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered October 21, 1993, which denied defendant's motion to vacate a default judgment, unanimously affirmed, with costs.

We agree with the IAS Court that defendant failed to establish either a reasonable excuse for the default or a meritorious defense. Defendant's belated claim of invalid service is contradicted by the record. We have considered defendant's other contentions and find them all to be without merit. Concur—Sullivan, J. P., Carro, Ellerin, Asch and Tom, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKLIN RILEY, Appellant. [609 NYS2d 220] —Judgment, Supreme Court, New York County (Rose Rubin, J.), rendered May 24, 1990, convicting the defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree, and sentencing him to a term of 5 years probation, unanimously affirmed.

The IAS Court correctly refused to suppress the gun recovered by the undercover police officer. The officer's presence in the building and in the C hallway did not violate any privacy right or other right of defendant (People v Hazel, 194 AD2d 440) and his following defendant into an unoccupied apartment similarly did not violate any right of defendant (see, People v Hollman, 79 NY2d 181). It was in the unoccupied apartment where defendant had no expectation of privacy (see, People Marzan, 161 AD2d 416, lv denied 76 NY2d 860) that he intentionally abandoned the weapon (see, People v Boodle, 47 NY2d 398, 404, cert denied 444 US 969). Concur—Wallach, J. P., Ross, Rubin, Nardelli and Williams, JJ. [As amended by unpublished order entered June 21, 1994.]