■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX CUEVAS, Appellant. [610 NYS2d 41] —Judgment, Supreme Court, New York County (Daniel FitzGerald, J., at the hearing; Thomas B. Galligan, J., at trial and sentence), rendered July 11, 1991, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the fourth degree, and sentencing him, as a second felony offender, to a term of 3 to 6 years, and resentencing him to a consecutive term of 1 to 3 years upon his plea of guilty to a violation of probation imposed on a previous conviction for attempted criminal sale of a controlled substance in the third degree, unanimously affirmed.

The police did not act unreasonably in asking the occupants of the double parked vehicle, which had dark-tinted windows in apparent violation of Vehicle and Traffic Law § 375 (12-a) (b), to exit the vehicle *(People v Robinson,* 74 NY2d 773). Probable cause for defendant's arrest was provided when, in

stepping out of the car, he dropped two plastic bags that the officer believed to contain cocaine. The officer's testimony to this effect was not incredible as a matter of law, and the hearing court's findings, not unreasonable, should not be disturbed on appeal *(People v Fonte,* 159 AD2d 346). The jury's verdict convicting defendant on similar evidence is supported by legally sufficient evidence and is not against the weight of the evidence.

The record submitted by defendant does not reveal whether defendant was present at the side-bar conference, or that his presence in the courtroom prevented him from hearing the questioning of a prospective juror. In any event, defendant was not prejudiced since the prospective juror was ultimately removed for cause at voir dire without objection *(see, People v Perez,* 196 AD2d 781).

We perceive no abuse of sentencing discretion in the imposition of a consecutive sentence for defendant's violation of probation. Concur—Rosenberger, J. P., Ellerin, Kupferman, Ross and Rubin, JJ.