■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK BARTLEY, Appellant. [631 NYS2d 690] —Judgment, Supreme Court, New York County (Felice Shea, J.), rendered July 6, 1993, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

Two police officers observed defendant standing in front of a building in an area known for drug trafficking, holding a shopping bag. A male approached defendant, whereupon the two looked up and down the street and then proceeded through the unlocked doors into the building lobby. The police followed, and observed defendant reaching into the bag as the other man held out currency. When the two made eye contact with the officers, defendant dropped the bag he had been holding and ran down a hallway, while the other man escaped up the

stairs. A search of the bag revealed two packets of cocaine, ten vials of crack, thirteen $20 bills and thirty-three $1 bills.

Since a rational jury could conclude that the evidence, viewed in the light most favorable to the People, showed that defendant intended to sell the drugs in his possession, the evidence was not legally insufficient to support the conviction (*see*, *People v Williams*, 84 NY2d 925). Nor was the verdict against the weight of the evidence, since it cannot be concluded on this record that the jury's findings of credibility and fact were "manifestly erroneous and so plainly unjustified by the evidence that rejection is required in the interest of justice" (*People v Corporan*, 169 AD2d 643, *lv denied* 77 NY2d 959; *see*, *People v Bleakley*, 69 NY2d 490, 495).

The court properly denied defendant's motion to suppress the bag containing drugs and money since defendant abandoned the bag, and the abandonment was not prompted by any illegal action by the police, who merely entered a public lobby where defendant had no legitimate expectation of privacy (*People v Riley*, 202 AD2d 336, *lv dismissed* 84 NY2d 831; *People v Marrero*, 173 AD2d 244, *lv dismissed* 78 NY2d 969). Concur—Rosenberger, J. P., Asch, Williams and Mazzarelli, JJ.