■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN DAVIS, Appellant. [659 NYS2d 437] —Judgment, Supreme Court, Bronx County (Frank Torres, J.), rendered February 16, 1995, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree and criminal possession of a controlled substance in the seventh degree, and sentencing him as a second felony offender to concurrent terms of $3^1/2$ to 7 years and one year, respectively, unanimously modified, on the law, to vacate the sentence and remand for resentencing, at which time the People may file a predicate felony statement, and otherwise affirmed.

Police officers responding to a radio run of gunshots fired in the presence of several persons in a specified apartment saw defendant, carrying a shopping bag, walking away from the subject apartment just as the door closed behind him. Upon seeing the officers, defendant tried returning to the apartment, quickening his pace as the officers asked him to stop. As defendant turned the door knob, one officer, fearing defendant's ability to retrieve a gun, held defendant's shoulder, after which both parties fell to the floor, revealing within the shopping bag numerous vials containing a white substance. As defendant was arrested, a loaded .357 handgun was removed from his waist band.

Giving appropriate weight to the findings of the hearing court, we will not, "without good reason, find a police officer's testimony incredible or patently tailored to overcome constitutional objections" (*People v Jones*, 168 AD2d 370, *lv denied* 77 NY2d 907; *People v Smith*, 187 AD2d 371, *lv denied* 81 NY2d 847). The challenged testimony was not " ' "manifestly untrue, physically impossible, contrary to experience, or self-contradictory" ' " (*People v Sioba*, 187 AD2d 317, *lv denied* 81 NY2d 893, quoting *People v Garafolo*, 44 AD2d 86, 88). The contention that police fabricated the 911 call, raised for the first time on appeal, is unpreserved for review (*People v Orta*, 198 AD2d 45, *lv denied* 82 NY2d 928) and we decline to review in the interest of justice. If we were to review, we would find that it is unsupported by any credible evidence.

The challenge to the court's charge on evaluation of the credibility of police officer witnesses is unpreserved, insofar as defendant never objected to the charge as given nor requested incorporation of the *falsus in uno* instruction (*cf., People v Johnson*, 225 AD2d 464), and we again decline to review in the interest of justice. If we were to review, we would find under the circumstances of this case that the charge given adequately conveyed the appropriate principles of law.

The People's failure to file a predicate felony statement (CPL 400.21), an omission not mitigated insofar as defendant never affirmatively admitted the fact of prior convictions (*cf., People v Bouyea*, 64 NY2d 1140) nor explicitly waived the opportunity to challenge such a statement (*cf., People v Nails*, 196 AD2d 439), requires vacatur of the sentence (*People v Scarbrough*, 66 NY2d 673) and remand for the imposition of a lawful sentence. In remanding, we find no abuse of discretion in the particular term imposed. Concur—Sullivan, J. P., Rosenberger, Wallach, Rubin and Tom, JJ.