■ The People of the State of New York, Respondent, v Jose Sanchez, Also Known as Juan Medina, Appellant. [671 NYS2d 450] —Judgment, Supreme Court, New York County (Felice Shea, J., at jury trial and sentence; William Leibovitz, J., at de novo *Mapp* hearing), rendered July 28, 1992, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the third degree, and sentencing him to concurrent terms of 16 years to life and 4 to 12 years, respectively, unanimously affirmed.

By order entered February 11, 1997 (236 AD2d 243), we held the appeal in abeyance and remanded the case to the trial court for a de novo *Mapp* hearing. In an order entered October 20, 1997, the motion court, crediting the testimony of Detective Jacqueline Brown, found no basis for standing, found that defendant had abandoned the contraband and, on the merits, denied suppression.

Detective Jacqueline Brown and a fellow officer were walking south on Broadway near 149th Street when they saw a group of men standing in front of a building known to them as a drug prone location. The officers recognized whistles and shouts from the men as they scattered to be alerts that police were approaching. Defendant, with a brown paper bag under his arm, was left behind but, upon making eye contact with the officers, he, too, fled, dropping the bag as he went. As Detective Brown looked in the bag, discovering cocaine, the other officer, to whom this information was conveyed in police code, apprehended defendant, and a significant sum of cash was recovered from defendant's person.

We reject defendant's contention that a scenario in which a defendant dropped contraband in front of police was implausible as a matter of law (*see, e.g.*, *People v Braxton*, 214 AD2d 468, *lv denied* 86 NY2d 732; *People v Cuevas*, 203 AD2d 88, *lv denied* 83 NY2d 909; *People v Harris*, 186 AD2d 390, *lv denied* 80 NY2d 1027; *People v Smith*, 187 AD2d 267, *lv denied* 81 NY2d 893). Rather, we give appropriate weight to the credibility findings of the hearing court, which had ample opportunity to observe and evaluate the witness's demeanor while

testifying (*People v Prochilo*, 41 NY2d 759, 761) and to assess purported inconsistencies. Defendant's poor strategic choice in remaining at the location as police approached does not evince a lack of credibility in the officer's testimony (*see, People v Deas*, 156 AD2d 140, *lv denied* 75 NY2d 918). In no regard do we find the officer's testimony to be manifestly untrue, internally contradictory on material points (*People v Figueroa*, 213 AD2d 343, *lv denied* 86 NY2d 794) or tailored (*People v Jones*, 168 AD2d 370, *lv denied* 77 NY2d 907) so as to warrant reversal. Potential inconsistences were explored and resolved, or else were not sufficiently material as to detract from the overall candor of the witness's narrative testimony. The eventual resignation of her fellow officer and the circumstances related thereto, which were not properly before the suppression court, do not require any particular conclusions as to Detective Jacqueline Brown's testimony and we do not find that such affects her credibility.

Since the credible evidence undermines, at the least, any objective indication that defendant had retained an expectation of privacy in the bag and its contents (*People v Ramirez-Portoreal*, 88 NY2d 99), he lacks standing (*People v DeLaCruz*, 242 AD2d 410; *People v Turner*, 228 AD2d 331) and has no further basis to challenge the bag's recovery (*Matter of Devon H.*, 225 AD2d 135, 140-141). In any event, by dropping the bag and running inside upon the mere approach of police, without further interaction between defendant and police (*People v Adams*, 173 AD2d 207, *lv denied* 78 NY2d 1073), defendant voluntarily abandoned the contraband (*People v Bartley*, 219 AD2d 566, *lv denied* 87 NY2d 898; *People v Butler*, 184 AD2d 305, *lv denied* 80 NY2d 927), and we reject his claim that the seizure of the bag was derivative of unlawful police conduct (*People v Ramirez-Portoreal, supra,* at 108, 110). We have considered defendant's remaining claims and find them to be without merit. Concur—Ellerin, J. P., Nardelli, Wallach, Tom and Mazzarelli, JJ.