■ The People of the State of New York, Respondent, v William Singletary, Appellant. [676 NYS2d 883] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Silverman, J.), rendered October 7, 1996, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence and statements made by him to the police.

Ordered that the judgment is affirmed.

On September 1, 1995, at approximately 11:45 P.M., a plainclothes police officer and his partner were traveling at 15 to 20 miles per hour in an unmarked police car when they passed the defendant walking the other way on the opposite side of the street, about 25 feet away. The plainclothes officer testified at a suppression hearing that he observed the defendant lift his tee shirt with his left hand, remove a black handgun from his waistband with his right hand, and reposition the handgun in his waistband. The plainclothes officer testified that the street lighting was "good".

The suppression court's determination as to credibility is afforded great weight on appeal and should not be disturbed unless clearly unsupported by the evidence (*see, People v Prochilo,* 41 NY2d 759; *People v Jackson,* 200 AD2d 690). The suppression court properly refused to suppress the handgun and the statements made by the defendant to the police based on the defendant's assertion that he was unlawfully stopped.

Contrary to the defendant's contention, the credible evidence demonstrated that he made a voluntary statement after being read his *Miranda* rights. Bracken, J. P., Thompson, Pizzuto and Altman, JJ., concur.