■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NEIL JETER, Appellant. [773 NYS2d 887]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered September 3, 2002, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

On August 24, 2001, at approximately 9:10 P.M., three plainclothes police officers in Brooklyn were in an unmarked minivan which was stopped at a red light when one of the officers observed the defendant on the sidewalk. That officer testified at a suppression hearing that he observed the defendant holding a handgun in his hand, apparently exhibiting it to another person. The area was well lit and the officer had an unobstructed view of the defendant and the weapon. Two of the officers exited the van and recovered the weapon from the defendant and then arrested him.

Great weight is generally accorded to the factual findings of the suppression court, which saw and heard the witness (*see People v Prochilo,* 41 NY2d 759 [1977]), and the issue of credibility is generally to be determined by the trier of fact (*see People v Malizia,* 62 NY2d 755, 757 [1984], *cert denied* 469 US 932 [1984]). The officer's testimony was not "manifestly untrue, physically impossible, contrary to experience, or self-contradictory" (*People v Garafolo,* 44 AD2d 86, 88 [1974]; *see also People v Singletary,* 253 AD2d 532 [1998]; *People v Murreld,* 185 AD2d 826 [1992]). Accordingly, we discern no basis in the record to disturb the suppression court's credibility determination, and the suppression court properly denied that branch of the defendant's motion which was to suppress the handgun.

The sentence imposed was not excessive (*see People v Suitte,*

90 AD2d 80 [1982]). Smith, J.P., Goldstein, Adams and Townes, JJ., concur.