■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO LYNCH, Appellant. [— NYS2d —]—

Motion by the appellant for leave to reargue an appeal from a judgment of the Supreme Court, Kings County (McKay, J.), rendered February 7, 2006, which was determined by decision and order of this Court dated April 8, 2008, and cross motion by the respondent to amend the recitation of facts in our order determining the appeal.

Upon the papers filed in support of the motion and the cross motion and the papers filed in opposition and relation thereto, it is

Ordered that the motion and cross motion are granted; and it is further,

Ordered that upon reargument, the decision and order of this Court dated April 8, 2008 (*People v Lynch,* 50 AD3d 824 [2008]), is recalled and vacated, and the following decision and order is substituted therefor:

Appeal by the defendant from a judgment of the Supreme Court, Kings County (McKay, J.), rendered February 7, 2006, convicting him of criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The underlying charges arise out of an incident that occurred on January 15, 2005, at approximately 1:00 A.M. At the suppression hearing, a law enforcement officer testified that, while he and other officers were patrolling in an unmarked minivan, he observed the defendant and another individual engage in an apparent drug transaction. The officers drove around the block, stopped that individual, and recovered from him a white rocky substance that appeared to be cocaine. The officers then returned to the location where they had observed the defendant engage in the original transaction, whereupon they observed the defendant engage in an apparent drug transaction with a woman by giving her an object that appeared to be narcotics. The testifying officer then arrested the defendant, and recovered from his hands a plastic package containing a substance that was later determined to be narcotics.

The defendant contends that the Supreme Court erred in denying that branch of his motion which was to suppress the physical evidence seized upon his arrest, since the arresting officer's testimony as to his grounds for probable cause was incredible as a matter of law. In determining whether a hearing court properly determined that an arrest was supported by probable cause, the resolution of " 'issues of credibility [is] primarily for the trial court [whose] determination is entitled to great weight' on appeal" (*People v Lebron,* 184 AD2d 784, 784 [1992], quoting *People v Garafolo,* 44 AD2d 86, 88 [1974]; *see People v Umadat,* 29 AD3d 830 [2006]). Here, the officer's testimony was not "manifestly untrue, physically impossible, contrary to experience, or self-contradictory" (*People v Garafolo,* 44 AD2d 86, 88 [1974] [internal quotation marks omitted]; *see People v Jeter,* 6 AD3d 459 [2004]; *People v Sanchez,* 248 AD2d 306 [1998]; *People v Olivo,* 189 AD2d 786 [1993]). Accordingly, we discern no basis in the record to disturb the suppression court's credibility determination, and the suppression court properly denied that branch of the defendant's motion which was to suppress the physical evidence.

The defendant further contends that the Supreme Court erred in admitting the detective's trial testimony regarding the defendant's prior uncharged sale of drugs. Evidence of a defendant's commission of uncharged crimes or acts is inadmissible "if the only purpose of the evidence is to show bad character or propensity towards crime" (*People v Alvino,* 71 NY2d 233, 241 [1987]). However, evidence of uncharged crimes or acts may be admissible to show, inter alia, the defendant's intent to commit the charged act (*see People v Alvino,* 71 NY2d at 241-242). Here, the evidence of the defendant's alleged prior drug sale was properly admitted to show the defendant's intent to commit the charged offense (*see People v Brown,* 4 AD3d 156, 157 [2004]; *People v Rosello,* 298 AD2d 212 [2002]; *see also People v Cain,* 193 AD2d 810 [1993]). Rivera, J.P., Santucci, Dickerson and Belen, JJ., concur.