THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNIE COLE, Appellant. [926 NYS2d 163]—

Appeal by the defendant from a judgment of the Supreme Court, Dutchess County (Hayes, J.), rendered October 22, 2008, convicting him of attempted promoting prison contraband in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

When a defendant moves to suppress physical evidence, the People have the burden of going forward and demonstrating the legality of the police conduct (*see People v Whitehurst*, 25 NY2d

389, 391 [1969]; *People v Spann*, 82 AD3d 1013, 1014 [2011]). The defendant, however, bears the ultimate burden of proving, by a preponderance of evidence, that the evidence should not be used against him (*see People v Berrios*, 28 NY2d 361, 367 [1971]; *People v Spann*, 82 AD3d at 1014). The hearing court's determination as to witness credibility is accorded great weight on appeal, as it saw and heard the witnesses, and its determination will not be disturbed unless clearly unsupported by the evidence (*see People v Prochilo*, 41 NY2d 759, 761 [1977]; *People v Barley*, 82 AD3d 996, 997 [2011]).

Prison inmates do not forfeit all constitutional protections by virtue of their convictions and incarcerations (*see Bell v Wolfish*, 441 US 520, 545 [1979]). However, in reviewing challenges to prison regulations and conditions, "[c]ourts must be sensitive to the State's interest in punishment, deterrence, and rehabilitation, as well as the need for deference to experienced and expert prison administrators faced with the difficult and dangerous task of housing large numbers of convicted criminals" (*Brown v Plata*, 563 US —, —, 131 S Ct 1910, 1928 [2011]; *see People v McKanney*, 56 AD3d 1049, 1050 [2008]). Among other things, prison officials have the responsibility of preventing the transfer and possession of contraband, a "formidable task[ ]" conducted in the "volatile setting of our correctional institutions [that] require[ ] . . . prison officials [to] be vested with broad discretion in their formulation of security-related policies" (*Matter of Rivera v Smith*, 63 NY2d 501, 513 [1984]). As the United States Supreme Court has observed, prison administrators "must be ever alert to attempts to introduce drugs and other contraband into the premises, which, we can judicially notice, is one of the most perplexing problems of prisons today" (*Hudson v Palmer*, 468 US 517, 527 [1984]).

Here, contrary to the defendant's contention, the People met their burden of demonstrating the legality of the corrections officers' conduct with evidence that the officers had an articulable basis, i.e., an "objective, credible reason" (*People v Ocasio*, 85 NY2d 982, 985 [1995]), to conduct a "pat frisk" of the defendant, as he matched a specific description provided by a confidential informant of an individual who was smuggling drugs into the prison (*see Hudson v Palmer*, 468 US at 527; *Matter of Rivera v Smith*, 63 NY2d at 512-513). Further, the discovery of an unusual bulge in the defendant's groin area gave rise to probable cause to strip search the defendant (*see People v Smith*, 182 AD2d 786, 787 [1992]; *People v Ennis*, 158 AD2d 467 [1990]).

The defendant's remaining contentions are unpreserved for

appellate review and, in any event, without merit. Mastro, J.P., Belen, Sgroi and Miller, JJ., concur.