■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID ANDERSON, Appellant. [937 NYS2d 109]—

There is no merit to the defendant's claim that the Supreme Court erred in denying that branch of his omnibus motion which was to suppress the clear plastic bag of crack cocaine that he dropped in view of the arresting police officer and the money recovered from his person upon his arrest. We reject the defendant's contention that it is implausible that a defendant would drop contraband in front of a police officer (*see e.g. People v Berrios*, 28 NY2d 361 [1971]; *People v Sanchez*, 248 AD2d 306 [1998]; *People v Braxton*, 214 AD2d 468, 469 [1995]; *People v Cuevas*, 203 AD2d 88, 89 [1994]; *People v Olivo*, 189 AD2d 786 [1993]; *People v Harris*, 186 AD2d 390 [1992]; *People v Encarnacion*, 175 AD2d 874 [1991]). There is no basis in the record to conclude that the arresting officer's testimony was fabricated or conveniently tailored to overcome constitutional objections (*cf. Matter of Robert D.*, 69 AD3d 714 [2010]; *People v Lebron*, 184 AD2d 784, 784-785 [1992]; *People v Miret-Gonzalez*, 159 AD2d 647, 649 [1990]; *People v Quinones*, 61 AD2d 765 [1978]; *People v Sanders*, 49 AD2d 610 [1975]). Giving the appropriate weight to the credibility findings of the hearing court, which had ample opportunity to observe and evaluate the witness's demeanor while testifying (*see People v Wheeler*, 2 NY3d 370, 374 [2004]; *People v Prochilo*, 41 NY2d 759, 761 [1977]; *People v Cole*, 85 AD3d 1198, 1199 [2011]; *People v Barley*, 82 AD3d 996, 997 [2011]), we find no basis to disturb the hearing court's determi-

nation to credit the arresting officer's testimony at the suppression hearing. Moreover, the discovery of the drugs constituted probable cause for the defendant's arrest (*cf. People v Leung*, 68 NY2d 734, 737 [1986]; *People v Green*, 81 AD2d 621, 623 [1981]), and the lawful custodial arrest justified the contemporaneous search of the defendant (*see New York v Belton*, 453 US 454, 457 [1981]; *Chimel v California*, 395 US 752 [1969]; *People v Belton*, 55 NY2d 49, 52 [1982]).

We agree with the defendant that the Supreme Court erred in allowing an assistant district attorney to testify as to why her office chose not to prosecute a person the police arrested with the defendant for possessing the same bag of crack cocaine. Her testimony that the "facts as presented to us did not establish that [the other person] possessed any drugs" was the equivalent of an opinion that the defendant was guilty (*cf. People v Kozlowski*, 11 NY3d 223, 240 [2008], *cert denied* 556 US —, 129 S Ct 2775 [2009]; *People v Ciaccio*, 47 NY2d 431, 439 [1979]; *People v Creasy*, 236 NY 205, 221-222 [1923]). Reversal, however, is not warranted because there was overwhelming evidence of the defendant's guilt and no significant probability that the improper testimony contributed to his convictions (*see People v Crimmins*, 38 NY2d 407, 412 [1975]; *People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

The defendant was not deprived of the effective assistance of counsel, as the record reveals that defense counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

As the People correctly concede, under the facts of this case, the defendant's conviction of criminal possession of a controlled substance in the seventh degree must be vacated and that count of the indictment dismissed as an inclusory concurrent count of criminal possession of a controlled substance in the third degree (*see* CPL 300.40 [3] [b]; *cf.* Penal Law §§ 220.03, 220.16 [1]; *People v Lee*, 39 NY2d 388, 390 [1976]). Dillon, J.P., Dickerson, Eng and Leventhal, JJ., concur.