■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHERMAN BAKER, Appellant. [22 NYS3d 892]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Griffin, J.), rendered September 4, 2013, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Buchter, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

We find no basis to disturb the Supreme Court's determina-

tion regarding the credibility of the witnesses' testimony at the suppression hearing (*see People v Wheeler*, 2 NY3d 370, 374 [2004]; *People v Prochilo*, 41 NY2d 759, 761 [1977]; *People v Anderson*, 91 AD3d 789, 789 [2012]). Moreover, based on the credible testimony of the arresting police officer and the officer who recovered a handgun from the defendant, the People met their initial burden of establishing the legality of the police conduct in the first instance, and the defendant did not prove, by a preponderance of the evidence, that the handgun recovered from him should be suppressed (*see generally People v Berrios*, 28 NY2d 361, 367 [1971]; *People v Cole*, 85 AD3d 1198, 1198-1199 [2011]). Any inconsistencies in the two police officers' testimony were not so significant as to render their testimony incredible (*see People v Calabria*, 3 NY3d 80, 82 [2004]; *People v Dunbar*, 104 AD3d 198, 216 [2013], *affd* 24 NY3d 304 [2014]; *cf. People v Quinones*, 61 AD2d 765 [1978]; *People v Garafolo*, 44 AD2d 86, 88 [1974]).

The defendant's remaining contention, that the Supreme Court should have suppressed photographs downloaded from a cell phone recovered from him, is unpreserved for appellate review, and we decline to reach it in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [6] [a]). Leventhal, J.P., Roman, Hinds-Radix and Barros, JJ., concur.