People v Moore (2018 NY Slip Op 07454)





People v Moore


2018 NY Slip Op 07454


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2014-01521
 (Ind. No. 10506/12)

[*1]The People of the State of New York, respondent,
v
Wayne Moore, appellant.


Paul Skip Laisure, New York, NY (Hannah Zhao of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Ellen C. Abbot, and Timothy R. McGrath of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Joel L. Blumenfeld, J.), rendered January 10, 2014, convicting him of criminal possession of a controlled substance in the seventh degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing (Steven Paynter, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statement to law enforcement officials.
ORDERED that the judgment is affirmed.
The Supreme Court properly denied those branches of the defendant's omnibus motion which were to suppress cocaine recovered from the defendant's person and a statement made by the defendant to law enforcement officers. "The credibility determinations of a hearing court are entitled to great deference on appeal, and will not be disturbed unless clearly unsupported by the record" (People v Barnes, 129 AD3d 981, 982 [internal quotation marks omitted]; see People v Prochilo, 41 NY2d 759, 761). The arresting officer testified at the suppression hearing that he detected the odor of marijuana from the vehicle in which the defendant was riding before he was arrested, and that the officer observed the defendant conceal contraband in his pants. Contrary to the defendant's contention, the officer's testimony was not incredible as a matter of law, as it was not "manifestly untrue, physically impossible, contrary to experience, or self-contradictory" (People v Barnes, 129 AD3d at 982; see People v Garafolo, 44 AD2d 86, 88; see also People v Anderson, 91 AD3d 789, 789). Moreover, in exercising our factual review power, we find that the court was justified in crediting the arresting officer's testimony (see People v Barnes, 129 AD3d at 982; Matter of Robert D., 69 AD3d 714, 716-717; People v Lopez, 95 AD2d 241, 252-254).
We agree with the Supreme Court's determination, at the trial, to admit into evidence the cocaine recovered from the defendant's person, over his chain-of-custody objection. The trial testimony established that police officers placed the evidence into a narcotics envelope, certified the contents of the envelope, placed the envelope into a security bag containing a voucher number, and observed the bag being placed into a safe. The chemist who tested the evidence testified that she received the evidence in a sealed narcotics envelope inside of a sealed security envelope containing [*2]the same voucher number. Thus, the trial testimony provided reasonable assurances of the identity and unchanged condition of the evidence (see People v Tavares, 134 AD3d 436, 437; People v Griffith, 171 AD2d 678, 679-681).
DILLON, J.P., ROMAN, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court