People v Wilson (2023 NY Slip Op 03713)

People v Wilson

2023 NY Slip Op 03713

Decided on July 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2019-07602
2019-07604
 (Ind. No. 10006/17, S.C.I. No. 2916/19)

[*1]The People of the State of New York, respondent,
v
Antwain Wilson, appellant.

Patricia Pazner, New York, NY (Anna Jouravleva of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Amy Appelbaum, and Kaley Hanenkrat of counsel), for respondent.

DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Kings County (Sharen D. Hudson, J.), both rendered May 20, 2019, convicting him of criminal possession of a weapon in the third degree under Indictment No. 10006/17, and reckless endangerment in the first degree under Superior Court Information No. 2916/19, upon his pleas of guilty, and imposing sentences. The appeal from the judgment rendered under Indictment No. 10006/17 brings up for review the denial, after a hearing (Miriam Cyrulnik, J.), of those branches of the defendant's omnibus motion which were to suppress his statements to law enforcement officials and physical evidence.
ORDERED that the judgments are affirmed.
The defendant was convicted, upon his pleas of guilty, of criminal possession of a weapon in the third degree under Indictment No. 10006/17, and reckless endangerment in the first degree under Superior Court Information No. 2916/19.
The Supreme Court properly denied those branches of the defendant's omnibus motion which were to suppress his statements to law enforcement officials and physical evidence. Credibility determinations of a hearing court are entitled to great deference on appeal, and will not be disturbed unless they are clearly unsupported by the record (see People v Saka, 197 AD3d 1331, 1332; People v Purnell, 166 AD3d 814, 815-816). Here, the arresting officer testified at the suppression hearing, inter alia, that, after making eye contact with the defendant, he saw the defendant shrug his shoulders, then heard a sound like metal hitting the floor, and then observed a gun on the ground next to where the defendant had been standing. Contrary to the defendant's contentions, the officer's testimony was not inherently incredible or patently tailored to meet constitutional objections (see People v Biggs, 208 AD3d 1340, 1343; People v Barnes, 129 AD3d 981, 982; People v Anderson, 91 AD3d 789, 789; cf. People v Harris, 192 AD3d 151, 163-164). In exercising our factual review power, we find no basis to disturb the court's determination to credit the officer's testimony (see People v Anderson, 91 AD3d at 789-790; see also People v Noble, 211 AD3d 970, 971; People v Moore, 166 AD3d 654, 654).
The sentences imposed were not excessive (see People v Suitte, 90 AD2d 80).
Accordingly, we affirm the judgments of conviction.
DUFFY, J.P., CHAMBERS, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court